In re ENNIS et al.'

Ex . parte ROCHE.

(District Court, S. D. New York. December 19, 1910.)

**1. BANKRUPTCY (§ 386*)—COMPOSITION—VACATION—TIME.**

Where the six months provided for a vacation of a composition by Bankr. Act July 1, 1898, c. 541, § 13, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3427), have expired, the composition may not be set aside at the instance of a nonconsenting creditor.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 606; Dec. Dig. § 386.*]

**2. BANKRUPTCY (§ 386*)—ORDER—MOTION TO VACATE.**

A motion to vacate must be made before the judge who granted it.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 606; Dec. Dig. § 386.*]

**3. BANKRUPTCY (§ 385*) — COMPOSITION — CONFIRMATION — RIGHTS OF NON-SCHEDULED CREDITOR.**

Bankrupts prior to January, 1910, had made an offer of compromise, obtained the necessary consents, deposited the sum required, and filed their petition to confirm with the referee. The referee then sent out notices and made a rule nisi to all creditors who were scheduled, or who, though unscheduled, had filed claims up to the date the papers were mailed, and an order of confirmation was subsequently entered. *Held,* that the owner of an unscheduled claim who did not file the same until after the making of the rule nisi, but did file it before entry of the order of composition was not entitled to share in the deposit made by the bankrupts, being only entitled to any surplus remaining after paying expenses and dividends on the scheduled claims and those filed prior to the rule.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 595, 596; Dec. Dig. § 385.*]

In the matter of bankruptcy proceedings of Thomas A. Ennis and Charles F. Stoppani, individually and as members of the firm of Ennis & Stoppani. On petition of Walter Roche to set aside an order affirming a composition and for permission to proceed against the bankrupts, also to compel payment of a dividend out of the composition fund. Denied.

See, also, 171 Fed. 755.

Ralph Wolf, for trustee in bankruptcy.

Alfred T. Davison, for petitioner Roche.

HAND, District Judge. Six months have expired since the order of confirmation was passed and entered, so that the composition may not be set aside. Section 13 of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427]). The petitioner's request that he may proceed against the bankrupts must be heard by Judge Hough, since it is an application to vacate his order. I will therefore dismiss that branch of the application without prejudice to an application to Judge Hough.

There remains, therefore, only the application to direct the referee, who is the disbursing officer of the court, to pay out of the deposit in

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

composition the dividend to the petitioner. The petitioner's claim was filed on January 14, 1910, within one year after the adjudication. The bankrupts prior to January, 1910, had made their offer of compromise, obtained the necessary consents, deposited the requisite sum, and filed their petition to confirm the composition with the referee. Upon these the referee sent out copies of the usual notice and rule nisi to all creditors who were scheduled, or who, though unscheduled, had filed claims, up to the date when these papers were mailed. The return day was January 4, 1910, but the proceedings were adjourned and continued till March 8, 1910, when the composition was confirmed; the order of composition actually being entered on May 4, 1910. The claim was therefore filed with the referee before the proceedings were decided. At one of the hearings after January 14, and before March 8, 1910, the petitioner appeared by attorney, who said in open court that the claim had been filed, and that he wished to give notice that enough money must be deposited to cover his claim before the composition should be confirmed. The petitioner's attorney also went to the office of the referee, and says that he was told by some person that there was money enough to pay the claim. The statement in court was not followed by any change in the deposit made by the bankrupts, and the referee now refuses to countersign a dividend cheque of the petitioner until it can be ascertained whether there is cash enough to pay scheduled claims and claims not scheduled, but filed prior to the issue of the notice and rule nisi. The petitioner has made a party to the proceeding the assignee of the bankrupts.

So far as there may be a surplus after paying expenses and the dividends of the scheduled claims, and those unscheduled but filed before the issue of the rule nisi, I agree with the referee that out of it he may pay the petitioner. The bankrupts were at least in error not to schedule the claim, and as between them, or their assignee and the petitioner, any balance left from the deposit must go to the petitioner to the extent of his dividend. However, the petitioner should not share ratably with the other creditors if there is not enough to pay dividends to all the creditors who received notice of the proceedings and were cited under the rule nisi. The procedure in compositions requires the bankrupts to make an offer of specific terms upon which the bankrupt shall have back his estate. He must get the consent of one-half of his creditors who have filed claims and deposit enough money to pay all of them who have been scheduled or filed claims up to that time. Re Fox, 6 Am. Bankr. Rep. 525. Then he may file a petition and compel the remainder to accept the terms if he can induce the court so to order. Perhaps it is his further duty to keep advised of any further claims filed before confirmation, and add to his deposit for those. As to that I say nothing. This being done, the referee sends out the notice and rule nisi to bring in all the creditors, and give the court jurisdiction to confirm. The petition and the accompanying papers, all on file, are the statement of the case for the bankrupt and of his claims against the persons cited. Now, it is quite fundamental in this as in any other judicial procedure that a person cited may rely upon the claim made against him as the limit of what the relief will be, if he

defaults. Here the relief asked is that the bankrupt may have back his estate in exchange for the deposit in court. Upon what facts then may a creditor cited rely when he receives the notice and rule nisi? Obviously, that he need not appear to oppose, if he is content to exchange his claim to the estate for the dividend mentioned in the composition agreement, which, if he has not himself signed it, he may see upon file. Further, he may rely upon the fact that this dividend has been already deposited in court in trust for him, to which he will be entitled, if the composition is confirmed, because its amount has been calculated upon the assumption that only he and the other creditors known at the time of deposit will share in it. If not that, at least that it will cover their dividends. These rights are necessarily vested and inalterable, if the creditor is to be safe in getting his dividend without appearing on the return day, and following all proceedings till the order is entered. Of course, the court can, if it will, impose upon him this duty of attendance throughout the proceedings upon pain of a change in the terms of the composition, but to do so is to violate the analogies of other legal proceedings, and actively to mislead creditors, who should be entitled to rely upon the assumption that the relief asked will not be enlarged against them. While the matter appears to be res integra, I cannot doubt that the court may not allow new claims to come in and share the deposit, until the dividend has been paid to all those who were cited into the proceedings. If a creditor has not been provided for, he may be able to stop the whole proceedings, and prevent confirmation till his deposit is made. That is not up here, but if he is unsuccessful in doing that for any reason whatever, even because he is misled, he cannot take from the other creditors the fund which has been deposited for them and change the contract once made which entitles them to it.

This disposes of any relief to the petitioner upon this petition. Whether he may sue the bankrupt elsewhere upon the offer of composition it is not necessary to decide. What he asks here is to share with the other creditors and that he may not do. The case is a hard one, and, if in justice to others the petitioner could have relief, he ought to get it, but to relieve him involves taking from others what was set aside especially in trust for them.

Let an order pass in accordance with this opinion.