**In the Matter of MEDICAL ANALYTICS, INC., Debtor.**

**No. 73 B 222.**

United States District Court, S. D. New York.

Dec. 1, 1975.

Lans Feinberg & Cohen, New York City, for debtor-appellant; Robert S. Cohen and Barbara L. Schulman, New York City, of counsel.

Marshall, Bratter, Greene, Allison & Tucker, New York City, for respondent; Gary J. Cohan, V. James Mann, New York City, of counsel.

## MEMORANDUM AND ORDER

CONNER, District Judge.

This is an appeal from an order of Bankruptcy Judge Edward J. Ryan, entered May 16, 1975, granting the motion of respondent MetPath, Inc. (MetPath) to dismiss the petition of the debtor-appellant Medical Analytics, Inc. (Medical) to set aside the confirmation and discharge entered May 2, 1974 on the ground of fraud. Judge Ryan ruled that the petition was time-barred since it was not filed until December 12, 1974, more than six months after the date of the confirmation, contrary to 11 U.S.C. § 786.

Medical argues that because the fraud had been concealed by MetPath and its President, Raymond Rose (Rose), the six-months period of limitation should have started running only when Medical discovered the fraud. In support of this argument, Medical relies upon the considerable body of decisional law to the effect that the statute of limitations against a cause of action for fraud starts running only when the plaintiff discovered or, with due diligence, should have discovered, the fraud. *Holmberg v. Armbrecht,* 327 U.S. 392, 396–97, 66 S.Ct. 582, 584–585, 90 L.Ed. 743, 747 (1946); *Bailey v. Glover,* 21 Wall. 342, 348, 22 L.Ed. 636 (1875).

That principle may indeed be applicable to the present facts, but not in the way Medical asserts. The result of its application here is that, if Medical has a cause of action for fraud against MetPath and Rose, the statute of limitations did not start running against that cause of action until Medical knew or reasonably should have known of the fraud.

But Medical is not here asserting a cause of action for damages it suffered as a consequence of the fraud. Instead, it seeks to have the confirmation set

aside because of fraud in its procurement, and Section 786 specifically provides that this particular type of relief may be granted only if the application is filed "within six months after the arrangement has been confirmed" and even then only if

"it shall be made to appear that fraud was practiced in the procuring of such arrangement *and that knowledge of such fraud has come to the petitioners since the confirmation of such arrangement.*" (emphasis added)

■ The emphasized portion of the statute makes clear that it was contemplated that the six-months period of limitation would run prior to discovery of the fraud—and, indeed, that if the fraud is discovered prior to the period of limitation (in other words, prior to the confirmation) a court is powerless to set aside the confirmation.

Professor Collier has expressed his concurrence in this construction of Section 786:

"An application under § 386 [11 U.S.C. § 786] * * * must be 'filed at any time within six months after an arrangement has been confirmed.' The making of the motion within the six months' period is an essential prerequisite. A motion made after the six months' period cannot be granted. The court has no power to extend the time within which the motion may be made * * *. *The period of six months runs from the time the 'arrangement has been confirmed,' which means the date of the entry of the order of confirmation; it does not run from the date of the discovery of the fraud.*" Collier on Bankruptcy, 14th ed., ¶ 11.02[2], p. 648. [emphasis added]

■ The courts have recognized that, since the clear policy underlying Section 786 is the prompt and final disposition of bankruptcy matters, the six-months limitation in Section 786 is a mandatory one, which deprives the court of any discretion to entertain tardy petitions for relief. See *Solove v. Chase Manhattan Bank,* 388 F.2d 874 (5th Cir. 1968); *In re Graco, Inc.,* 267 F.Supp. 952, 955–56 (D.Conn.1967). See also *Whiteford Plastics Co. v. Chase National Bank,* 179 F.2d 582 (2d Cir. 1952). The same policy had been recognized and enforced with respect to the former 11 U.S.C. § 31, the similar predecessor of Section 786. *In re Leight & Co.,* 139 F.2d 313 (7th Cir. 1943).

The order of Judge Ryan dismissing the petition is affirmed.