In the Matter of NEWPORT HARBOR ASSOCIATES, d/b/a Newport Harbor Treadway, Inc., etc. and James W. Kirby, etc., Debtors, Appellants.

No. 78–1180.

United States Court of Appeals, First Circuit.

Argued Oct. 3, 1978.
Decided Dec. 6, 1978.

ALDRICH, Senior Circuit Judge.

In January, 1973 Debtors (Newport Harbor Associates, a limited partnership, and James W. Kirby, the sole general partner) filed a Chapter XI proceeding in the bankruptcy court to replace a state court receivership of their Newport, Rhode Island hotel. The hotel was being operated at a loss under a management and franchise agreement with Treadway Inns Corporation, and was sought after by a wholly-owned subsidiary of Treadway, as third mortgagee. Debtors' plan of arrangement was approved by the court on April 13, 1973. Two months later Debtors moved to vacate the order of confirmation on the ground that Treadway, in obtaining confirmation of the plan, had fraudulently misrepresented the extent of the hotel's operating losses. After extensive evidentiary hearings, but without making findings on the issue of fraud, the court held that Debtors might file a new plan by August 14, but that if this did not succeed, the plan approved in April would continue in effect. Debtors did file a new plan, but failed to furnish the financing the court found should be provided. The bankruptcy court's order reaffirming the original plan was unsuccessfully appealed to the district court, and then to this court, and in March, 1975 the bankruptcy court discharged the receiver and closed the case, leaving Debtors with 49% of the common stock of the new company that received the hotel.

Dissatisfied with this outcome, on November 1, 1976 Debtors moved the bankruptcy court to revoke the confirmation of the 1973 plan and reopen the Chapter XI proceedings. In support, they again alleged fraud by Treadway, but of a different character. After a hearing, the court dismissed the motion, holding that in light of the six month limitation period contained in section 386 of the Bankruptcy Act, 11 U.S.C. § 786 (1976)[1] and Chapter XI Rule 11–41 of the

Thomas C. Mullaney, Jr., Providence, R. I., for appellants.

Robert F. Flanders, Jr., Providence, R. I., with whom Edward J. Bertozzi, Jr., Thomas E. Pitts, Jr., and Edwards & Angell, Providence, R. I., were on brief, for appellee.

Before COFFIN, Chief Judge, ALDRICH and CAMPBELL, Circuit Judges.

1. Section 386 provides in relevant part that the bankruptcy court may set aside a confirmation and reinstate the proceedings under Chapter XI,

"[i]f, upon the application of parties in interest *filed at any time within six months after an arrangement has been confirmed*, it shall be made to appear that fraud was practiced

Rules of Bankruptcy Procedure,[2] a motion filed 3½ years after the order of confirmation came 3 years too late. However, the court noted that it had made no findings or conclusions which might foreclose any aggrieved party from seeking redress against Treadway in other forums.

We will not detail Debtors' subsequent procedure, commencing with a motion for reconsideration, except to say that their allegations of fraud again changed and grew, and were supplemented, on their appeal to the district court, by invoking the equitable doctrine of tolling to stop the running of the six month limitation. In a thoughtful opinion, the district court concurred in the bankruptcy court's ruling that the six month provision was absolute. Debtors appeal.

■ We agree with the district court.[3] A principal purpose of a Chapter XI proceeding is the rehabilitation of a debtor's ailing business. *In re Mammoth Mart, Inc.*, 1 Cir., 1976, 536 F.2d 950. Since a plan of arrangement affects the rights of, and restructures the relationships between, the debtor and its perhaps numerous creditors, it is vital, if this rehabilitative purpose is to be realized, that Chapter XI proceedings be concluded with reasonable expedition and finality so as to allow certainty for future business planning. The bankruptcy laws, as the Court has observed, are designed to provide "prompt and effectual administration and settlement of the estate of all bankrupts within a limited period." *Katchen v. Landy*, 1965, 382 U.S. 323, 328, 86 S.Ct. 467, 472, 15 L.Ed.2d 391; *see In re Leight & Co.*, 7 Cir., 1943, 139 F.2d 313, 315. To effectuate that goal, section 386, its predecessors, and Rule 11–41 consistently

have been viewed as providing the exclusive means by which a confirmation may be revoked and the courts, with equal consistency, have demanded strict compliance with their requirements, including the six month limitation period. *See, e. g., Whiteford Plastics Co. v. Chase Nat'l Bank*, 2 Cir., 1950, 179 F.2d 582, 584; *In re Leight & Co.*, ante; *In re Isidor Klein, Inc.*, 2 Cir., 1927, 22 F.2d 906, 909–10; *In re Medical Analytics, Inc.*, S.D.N.Y., 1975, 410 F.Supp. 922, 924, aff'd 2 Cir., 1976, 532 F.2d 879; *In re Graco, Inc.*, D.Conn., 1967, 267 F.Supp. 952, 954; *In re Crusader Oil Refining Corp.*, D.N.J., 1942, 47 F.Supp. 873, 874; *In re Ennis*, S.D.N.Y., 1910, 183 F. 859; *In re Jersey Island Packing*, N.D.Cal., 1907, 152 F. 839, 840; *In re Eisenberg*, S.D.N.Y., 1906, 148 F. 325, 326; *In re Rudnick*, D.Mass., 1899, 93 F. 787, 788.

As Collier observes,

"A motion under § 386 and Rule 11–41 must be 'filed at any time within six months after an arrangement has been confirmed.' The making of the motion within the six months' period is an essential prerequisite. A motion made after the six months' period cannot be granted. The court has no power to extend the time within which the motion may be made. Section 313(3) empowers the court, whenever it is required or permitted under Chapter XI to fix a time for any purpose, to extend such time upon cause shown. That does not apply to the period of six months under § 386, since that time is not fixed by the court but is specifically fixed by the statute. The period of six months runs from the time the arrangement has been confirmed, which means the date of the entry of the

---

in the procuring of such arrangement and that knowledge of such fraud has come to the petitioners since the confirmation of such arrangement . . . ." (Emphasis added.)

2. Chapter XI Rule 11–41 provides:
"Any party in interest may, *at any time within six months after a plan has been confirmed*, make a motion pursuant to the Act to revoke the confirmation as procured by fraud. The circumstances constituting the alleged fraud shall be stated with particularity. . . ." (Emphasis added.)

3. At the same time, we do not consider two new approaches raised for the first time on appeal, including allegations of fraud on the part of the receiver and the chairman of the creditors' committee as officers of the court, that Debtors now attempt, being out of sympathy with Debtors' constant sail trimming, now, in part, directly reversing their original course. *Bricker v. Crane*, 1 Cir., 1972, 468 F.2d 1228, 1233; *see also Dal Int'l Trading Co. v. Sword Line, Inc.*, 2 Cir., 1961, 286 F.2d 523, 525.

order of confirmation; it does not run from the date of the discovery of the fraud."

9 Collier on Bankruptcy, ¶ 11.02[2] at 648 (14th ed. 1978) (Footnotes omitted.)

Debtors' only answer to this uniform line of authority is to argue that the bankruptcy court possesses inherent equitable powers. But while it is true that bankruptcy courts have their origins in equity, it is also true that the jurisdiction and the power, equitable or legal, of the court is subject to express statutory limitations. *See, e. g., O'Dell v. United States*, 10 Cir., 1964, 326 F.2d 451, 455; *In re Ross Sand & Gravel Co.*, 6 Cir., 1961, 289 F.2d 311, 312; *In re Columbia Ribbon Co.*, 3 Cir., 1941, 117 F.2d 999, 1002. The express language of section 386 and Rule 11–41 restricts the power and jurisdiction of the bankruptcy court to set aside confirmations, leaving no residual power to extend the time allowed. *See, e. g., In re Medical Analytics, Inc.*, ante; *In re Graco, Inc.*, ante; Collier, ante.

■ The language of section 386, as well as the authorities cited above, dispose, also, of Debtors' claim that the doctrine of equitable tolling can be invoked to excuse noncompliance with the six month limitation period. The federal courts, in cases involving typical statutes of limitation, have applied this doctrine to hold that the statute foreclosing an action for fraud begins to run only when the plaintiff discovers, or with due diligence, should have discovered, the fraud. *See, e. g., Holmberg v. Armbrecht*, 1946, 327 U.S. 392, 396–97, 66 S.Ct. 582, 90 L.Ed. 743; *Janigan v. Taylor*, 1 Cir., 1965, 344 F.2d 781, *cert. denied*, 382 U.S. 879, 86 S.Ct. 163, 15 L.Ed.2d 120. In these cases, however, the doctrine is used to answer the question of when a cause of action is to be deemed to have accrued, where, as is the typical case, the statute is silent. Section 386 is fundamentally different, for it explicitly provides that the time of accrual of an action to set aside a confirmation for fraud is the date of confirmation, not discovery. Collier, ante. The doctrine of equitable tolling cannot be invoked to circumvent the six month limitation period.

■ Debtors next seek to find comfort from F.R.Civ.P. 60(b), which permits a court to relieve a party from a final judgment for several enumerated reasons, including fraud by an adverse party. No comfort, however, is there afforded. Rule 60 is made applicable in bankruptcy cases by Bankruptcy Rule 924.[4] However, Chapter XI Rule 11–63(8)[5] makes it clear that, notwithstanding Rule 60's general applicability, "the statute of limitations provided for by Rule 11–41 [is to remain] absolute and inviolable in the Chapter XI context in respect of revocation of confirmation . . .." 14 Collier on Bankruptcy, ¶ 11–63.10, at 11–63–12 (14th ed. 1976).

In sum, the language of section 386 and Rule 11–41, the underlying policies of reasonable expedition and finality[6] and a con-

---

4. In relevant part, Rule 924 provides:

   "Rule 60 of the Federal Rules of Civil Procedure applies in bankruptcy cases . . . . This rule does not permit extension of the time allowed by § 15 of the Act for the filing of a complaint to revoke a discharge."

5. Rule 11–63(8) qualifies the application of Rule 924, and thus of Rule 60, in Chapter XI cases, by providing that

   "The reference in Rule 924 to the time allowed by § 15 of the Act for the filing of a complaint to revoke a discharge shall be read to include also a reference to the time allowed by § 386 of the Act for the making of a motion to revoke the confirmation of a plan."

6. The need for finality in Chapter XI proceedings within a limited period of time renders unsound Debtors' reliance on cases under section 15 of the Bankruptcy Act, 11 U.S.C. § 33 (1976), involving revocation of discharges. *See, e. g., In re Boissonnault*, 1 Cir., 1969, 415 F.2d 1371. As the district court observed, "the discharge of a bankrupt from his debt is a far cry from the complicated restructuring involved in a Chapter XI proceeding focused towards rehabilitating a business, which if successful, is to the benefit of all persons who had dealings with the debtor. Such plans are not easily devised, and once accomplished a short time for challenging such plan is necessary to keep alive the potential life of that business. Uncertainty of continued operations, injected by a Sword of Damocles in the form of fraud allegations which can be filed at any time in the future, would render meaningless the whole purpose of a Chapter XI proceeding."

sistent body of precedent, all require the conclusion that those provisions are intended to be the exclusive means for obtaining revocation of a confirmed plan of arrangement for fraud and that, notwithstanding the court's traditional equitable powers or the powers conferred by Rule 60(b), strict compliance with the six month limitation period is a prerequisite to relief.

Our opinion should not be read to suggest that the Debtors or other creditors who may have been injured by fraud are necessarily without other remedies in other forums. *Cf. Bizzell v. Hemingway*, 4 Cir., 1977, 548 F.2d 505, indicating that an action for damages or other relief, based on the federal securities laws or common law theories, may be available in the federal or state courts. It would appear that the doctrines of res judicata and collateral estoppel would not bar such an action, at least where the alleged fraud could not have been asserted in the bankruptcy proceedings, the underlying factual claims were not actually adjudicated, and the relief sought would not upset the confirmed plan of arrangement. *Compare Teledyne Industries, Inc. v. Eon Corp.*, S.D.N.Y., 1975, 401 F.Supp. 729, *aff'd mem.*, 2 Cir., 1976, 546 F.2d 495; *Seedman v. Friedman*, 2 Cir., 1942, 132 F.2d 290 *with Miller v. Meinhard-Commercial Corp.*, 5 Cir., 1972, 462 F.2d 358; *American Guaranty Corp. v. United States*, 1968, 401 F.2d 1004, 185 Ct.Cl. 502. That, however, although Debtors have both claimed it and disclaimed it, is for another day.

■ In the present proceedings Debtors have been so hyperactive in disregarding established procedures and persistent in pressing manifestly unsupported claims that we will assess counsel fees on this appeal. Fed.Rules App.Proc. rule 38, 28 U.S.C.

*Affirmed.*