Robert B. Rubin, Birmingham, Ala., for debtor-defendant.

Martha Roper, Albertville, Ala., trustee.

**In re MODERN TABLES, INC. Debtor.**

**PARTHENON METAL WORKS, INC., Plaintiff,**

**v.**

**MODERN TABLES, INC., and Martha T. Roper, Trustee, Defendants.**

**Bankruptcy No. 81–04182.**
**Adv. No. 81–1130.**

United States Bankruptcy Court,
N.D. Alabama.

Jan. 25, 1983.

### FINDINGS AND CONCLUSIONS

L. CHANDLER WATSON, Jr., Bankruptcy Judge.

The above-styled case was filed in this Court on July 17, 1981, under Chapter 11, Title 11, United States Code, and is still pending before this Court under said chapter. The above-styled adversary proceeding was filed in said case by a creditor and against the debtor and seeks to have the Court determine that the debt owed by the debtor to the creditor is "nondischargeable". After a trustee was appointed in the case, the plaintiff amended and made the trustee a party defendant in this adversary proceeding.

Each defendant has filed a motion to dismiss the complaint, essentially on the ground that it fails to state a claim upon which relief can be granted. The plaintiff

has filed a motion for summary judgment. The motions have been argued to the Court and submitted for a ruling thereon.

## FINDINGS OF FACT

Notwithstanding the pleadings, the following facts are not in dispute and are so found by the Court:

1. The debtor is a corporation.

2. The debtor is indebted to the plaintiff upon a judgment in the principal sum of $16,034.33, rendered by the Circuit Court of Etowah County, Alabama, on June 9, 1981.

3. The plaintiff's complaint in the State Court essentially alleged that the debtor and other defendants ordered $12,296.33 worth of materials from the plaintiff upon a "cash on delivery" basis and gave the plaintiff a check in that amount upon delivery, that the check was not paid because of "insufficient funds", that the defendants failed to redeem the check, and that the plaintiff was entitled to the amount of the check and an attorney's fee of $4,000.00.

4. No plan of reorganization has been confirmed by the Court.

## CONCLUSIONS BY THE COURT

A complaint which seeks to have the debt to a creditor determined by the Court to be nondischargeable in bankruptcy is commonly seen in Chapter 7 (liquidation) cases, rather than, as here, in a Chapter 11 (reorganization) case.

Only individuals can be granted discharges in Chapter 7 cases.[1] A question of the dischargeability of a particular debt of an individual debtor in a Chapter 7 case is an appropriate question for judicial determination only if a discharge is granted, for if the discharge is refused under 11 U.S.C. § 727(a), of course, no debt is discharged. If the individual debtor is granted the discharge, Section 523[2] is looked to for determination of dischargeability of a particular debt, and it refers only to "an individual debtor."[3]

In a Chapter 11 case, it is provided that (with exceptions stated) "the confirmation of a plan discharges the debtor from any debt that arose before the date of such confirmation" and certain other debts.[4] Thus, unless a plan is confirmed and only then, is it appropriate for the Court to proceed to and determine a question of dischargeability of any debt.

Subpart (3) of 11 U.S.C. § 1141(d)[5] provides a general exception to the provision that confirmation of a plan discharges the debtor, and if that exception applies no debt is discharged. On the other hand, subpart (2) provides that confirmation does not discharge "an individual debtor" from those debts excepted from discharge by Section 523.[6] Subpart (2) of subsection (d)[7] contains the only provisions dealing with nondischargeable debts in a Chapter 11 case. Since those provisions refer only to an individual debtor, there can be no appropriate question raised as to the dischargeability of a particular debt of a corporate Chapter 11 debtor. The only appropriate question in such a case is whether the debtor will be discharged from all such debts or none, and that question will arise only if a discharge is granted, in which instance it will be answered by reference to subpart (3) of subsection (d).[8]

1. 11 U.S.C. § 727(a)(1).

2. 11 U.S.C. § 523.

3. 11 U.S.C. § 523(a).

4. 11 U.S.C. § 1141(d)(1)(A).

5. The confirmation of a plan does not discharge a debtor if—
    (A) the plan provides for the liquidation of all or substantially all of the property of the estate;
    (B) the debtor does not engage in business after consummation of the plan; and
    (C) the debtor would be denied a discharge under section 727(a) of this title if the case were a case under chapter 7 of this title.

6. 11 U.S.C. § 523.

7. 11 U.S.C. § 1141(d).

8. *Id.* *See generally* 3 Norton, *Bankruptcy Law and Practice* § 65.05 (1981).

An order dismissing the plaintiff's complaint and this adversary proceeding will be entered.