**In re WILMINGTON DEVELOPMENT CORPORATION, INC., Debtor.**

**H.M.B. ASSOCIATES, Pocono Futures, Inc., and Frank Maiorana, Plaintiffs,**

v.

**WILMINGTON DEVELOPMENT CORPORATION, INC., Defendant.**

**Bankruptcy No. 82–05374G.
Adv. No. 83–1475G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

July 15, 1983.

Kevin William Gibson, Pechner, Dorfman, Wolffe, Rounick & Cabot, Philadelphia, Pa., for debtor-defendant.

Henry M. Biglan, Kingsley, Pa., for plaintiffs.

Frank Maiorana, pro se plaintiff.

## MEMORANDUM OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The problem before us is procedural. This is a chapter 11 case, filed by a corporation. Undaunted by the crystal clear provision of section 727(a) of the Bankruptcy Code that

(a) The court shall grant the debtor a discharge, unless—

(1) the debtor is not an individual

which obviously means that partnerships and corporations can no longer receive a discharge, the plaintiffs in the case at bench

... pray your Honorable Court to refrain from discharging the debtor...

No plan has been proposed in this case. Hence, no plan has been confirmed. If and when that occurs, § 1141(d) provides that the confirmation of the plan—

(A) discharges the debtor from any debt that arose before the date of such confirmation...

Of course, § 1128 provides that:

(a) After notice, the court shall hold a hearing on confirmation of a plan.

(b) A party in interest may object to confirmation of a plan.

Since no plan has been proposed, no hearing on confirmation has been held. When and if a plan is proposed and a hearing is held, the plaintiffs may then file such objections as are required by Interim Rule 3008.

But the pleading presently before us, i.e., an "Amended Complaint objecting to Discharge," is an erroneous, faulty, improper pleading, and the debtor's motion to dismiss must be sustained.