**In re Dennis Emery ERRINGTON and Julianne Sylvia Errington, Debtors.**

**Bankruptcy No. 3–82–1247.**

United States Bankruptcy Court,
D. Minnesota,
Third Division.

June 26, 1984.

Sheridan Buckley, St. Paul, Minn., for debtors.

John Nys, St. Paul, Minn., for Production Credit Association of River Falls ("PCA").

Mary Carlson, Minneapolis, Minn., for Farmers Home Administration ("FmHA").

## ORDER

JOHN J. CONNELLY, Bankruptcy Judge.

This matter came before the court on the debtors' motion for an order vacating this court's order of December 27, 1983 and revoking confirmation of the debtors' plan. The court's order dated December 27, 1983 was the final decree in the debtors' Chapter 11 case which closed the estate. The debtors have been unable to fulfill the requirements of their plan and now seek an order vacating the final decree and revoking confirmation to enable them to then dismiss their Chapter 11 case and then file a joint Chapter 7 liquidation case.

At the conclusion of the hearing the court requested that the parties submit briefs on the issues. Now based on the file, briefs, and arguments of counsel, the court makes the following order pursuant to the Rules of Bankruptcy Procedure.

### I

The debtors filed a voluntary Chapter 11 bankruptcy petition on June 30, 1982. The debtors were farmers engaged in the business of raising hogs. At the time of filing, the debtors listed debts totalling $451,-000.00, of which approximately $439,000.00 was secured debt. Assets were valued at $610,000.00, of which $375,000.00 represented the value of real property. The realty was encumbered by four mortgages in the following priority and amount: Federal Land Bank—$132,000.00; FmHA—$146,000.00; PCA—$110,000.00; and Peterson's North—$42,620.00.

On February 18, 1983 the debtors filed a plan and disclosure statement. The disclosure statement revealed that the secured debts were somewhat higher than originally set forth in the schedules and the land value considerably lower. In the disclosure statement, PCA's debt was $137,000.00; Federal Land Bank's debt was $150,000.00; and FmHA's debt totalled $184,000.00. The debtors valued the real property at $265,000.00.

On April 20, 1984 the court approved the disclosure statement and set the hearing on confirmation of the debtors' plan for June 8, 1983. On May 27, 1983 PCA filed an objection to confirmation of the plan stating, *inter alia,* the plan was not feasible and was likely to be followed by liquidation or further financial reorganization in contravention of 11 U.S.C. § 1129(a)(11). Federal Land Bank also filed a ballot rejecting the plan. Both objections were withdrawn prior to the hearing on confirmation. On July 5, 1983 the court entered an order confirming the debtors' plan and discharging the debtor from all dischargeable debts.

On July 22, 1983 the debtors filed an application for final decree. The application stated that the plan had been consummated with respect to certain classes to the extent allowed and ordered and that "the debtor stands ready to comply with the remaining terms of the plan by payment of amounts on future dates as specified." On December 9, 1983 the court entered the final decree. The final decree provides that the provisions of the plan are binding on the debtor and creditors, enjoins creditors from enforcing any claims against the debtor except to the extent provided in the plan, and closed the case.

On January 6, 1984 the debtors filed a motion for an order vacating the final decree and revoking the order confirming the plan. As the sole basis for vacation and revocation, the debtors stated they are in default under the plan, having failed to make the requisite plan payments due in November and December of 1983 to PCA, Federal Land Bank, and FmHA. The debtors further stated that they would be un-

able to make the required payments to FmHA, Federal Land Bank, and PCA in January and February of 1984.

PCA and FmHA appeared in opposition to the debtors' motion to revoke the order confirming the plan and vacate the final decree. Both creditors argued, *inter alia,* that the debtors failed to establish the requirements to revoke the order confirming the plan as required by 11 U.S.C. § 1144 and that under the equitable powers the court should not be invoked in this situation because there are no extraordinary circumstances.

## II

11 U.S.C. § 1144 states.

On request of a party in interest at any time before 180 days after the date of the entry of the order of confirmation, and after notice and a hearing, the court may revoke such order if such order was procured by fraud. An order under this section revoking an order of confirmation shall—

(1) contain such provisions as are necessary to protect any entity acquiring rights in good faith reliance on the order of confirmation; and

(2) revoke the discharge of the debtor.

The Code clearly requires that the motion for revocation be made within 180 days of the entry of the order confirming the plan *and* that the sole basis for revocation is the debtor's fraud in procuring the confirmation order. As previously stated, the order confirming the debtors' plan was entered July 5, 1983. The motion for revocation was not filed until January 6, 1984—more than 180 days from the date of the order confirming the plan. More importantly, the debtors neither alleged nor proved the fraud necessary to justify revocation of the order. See, e.g., *In re Hertz,* 38 B.R. 215 (Bkrtcy.S.D.N.Y.1984) (revocation under § 1144 requires a showing of actual fraud).

The debtors argue that under the equitable powers jurisdiction section, 28 U.S.C. § 1481, the court may use its inherent equitable power to revoke the order confirming the plan using Bankruptcy Rule 9024 which incorporates Rule 60 of the Federal Rules

of Civil Procedure. The debtors rely particularly on subsection "b" of Rule 60 which provides:

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C. § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

The debtors argue that the unexpected low market price for hogs resulted in the debtors' inability to effectuate the plan and the court, accordingly, should revoke the order

of confirmation so the debtors may get a Chapter 7 discharge when they convert their case.

The court does not agree. When Congress drafted the Bankruptcy Code, it explicitly provided a provision for revocation of an order of confirmation. See H.R.Rep. No. 595, 95th Cong., 1st Sess. 419 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. The requirements of § 1144 are explicit and clearly not met under the circumstances of this case.

The debtors' reliance on Rule 9024 is misplaced under the circumstances of this case. The debtors, up until the time of the confirmation order, could have converted their case and received a Chapter 7 discharge. Instead the debtors made a conscious planned decision to propose and implement a Chapter 11 plan. Although it is now clear to the debtors that their case should not have been filed as a reorganization case, the court believes that when debtors file for protection and reorganization under Chapter 11 they also assume the risks and responsibilities of dealing with their creditors as they have agreed they would under the terms of the plan. The fact that the debtors are unable to meet their projection does not justify revocation of the confirmation order.

THEREFORE, IT IS ORDERED that the debtors' motion for an order revoking the order of confirmation and final decree be and the same is hereby DENIED.