**In re The HOOTON COMPANY, Debtor.**

**FARM FRESH POULTRY, INC., Plaintiff,**

v.

**The HOOTON COMPANY, Defendant.**

**Bankruptcy No. 83–04499.**
**Adv. No. 84–0454.**

United States Bankruptcy Court, N.D. Alabama.

Oct. 17, 1984.

Larkin Radney, Alexander City, Ala., for plaintiff.

Thomas J. Knight, Anniston, Ala., for defendant.

## FINDINGS AND CONCLUSIONS BY THE COURT

L. CHANDLER WATSON, Jr., Bankruptcy Judge.

*Introduction: —*

The above-styled case was filed under Chapter 11, United States Code, in the predecessor Court, on August 23, 1983, and remains pending under said chapter, in this Court. The above-styled adversary proceeding in said case was commenced in this Court, on August 24, 1984, by a creditor which seeks to have the Court determine that a debt (allegedly owed to it by the debtor) is not dischargeable in this case under the bankruptcy statute.

On October 16, 1984, this proceeding came before the Court for a hearing on the debtor's motion to have the complaint dismissed out of court, and the proceeding is now submitted to the Court for a decision upon the motion to dismiss. Among other grounds, a failure of the complaint to state any claim upon which relief can be granted is asserted in the motion, and it appears that the motion is well taken for this reason.

**1.** 10 BCD 945, Bankr.L.Rep. ¶ 69,137, 26 B.R. 585 (BC ND Al, 1983).

*Findings of Fact: —*

The following facts appear to be conceded by all parties concerned and are found as facts by the Court:

1. The debtor in this case is a partnership;

2. The plaintiff contends that the debtor · concealed from the plaintiff a valid security interest held by a third party in a flock of chickens purchased by the plaintiff from the debtor and that the plaintiff was, thereby, caused to have to pay the sum of $8,500.00 to the third party, after the plaintiff had slaughtered the chickens for market;

3. The debtor denies that the third party would have been able to enforce its security interest against the plaintiff and says that the plaintiff was not, thus, caused to pay said sum of money to the third party; and

4. No plan of reorganization has been confirmed in this case.

*Conclusions by the Court: —*

A determination of the issue in this proceeding rests upon essentially the same ground as was the basis for this bankruptcy judge's decision in the case of *In re Modern Tables, Inc.*[1] In that case, it was pointed out that the exception of any debt under 11 U.S.C. § 523, in a Chapter 11 bankruptcy case, occurs only if the debtor is an "individual."[2] If the debtor is not an individual, no proper question can be raised in a Chapter 11 case as to the dischargeability of a particular debt.

Only the related question of whether the debtor will receive a discharge of all or none of the debtor's obligations is a proper point of inquiry in a Chapter 11 case in which the debtor is not an individual. The answer to this related question will be determined under the provisions of 11 U.S.C. § 1141(d)(3), *if* a plan is confirmed. None has been confirmed in this case, and this question is yet premature.

**2.** 11 U.S.C. § 1141(d)(2).

The only substantial difference between the question in the present case and in *Modern Tables* is that the debtor there was a corporation. This difference does not result in a distinction. Here the debtor is a partnership; but, still, the debtor is not an "individual." The term "individual" is not included in the definitions found in 11 U.S.C. § 101; however, it may be said to mean generally a single human being as distinguished from a social group or institution.

The complaint attempts to raise an issue not well founded in the bankruptcy statute and is due to be dismissed out of court. An Order to that effect will be entered.