In re HARRINGTON &
RICHARDSON, INC., Debtor.

Joseph McNEAL, Margaret McNeal and
William McNeal, Plaintiffs,

v.

HARRINGTON & RICHARDSON,
INC., Defendant.

Bankruptcy No. 4–84–00581–G.
Adv. No. 4–85–0014.

United States Bankruptcy Court,
D. Massachusetts.

Dec. 6, 1985.

Bruce E. Rodgers, Rodger L. Mutzel, Media, Pa., Edward J. McTighe, Westborough, Mass., for plaintiffs.

John D. Sigel, Hale & Dorr, Boston, Mass., for defendant.

MEMORANDUM AND ORDER

RE: DEFENDANT'S MOTION
TO DISMISS

PAUL W. GLENNON, Bankruptcy Judge.

This matter is before the Court on the Defendant, Harrington & Richardson, Inc.'s (the "debtor" or "H & R") motion to dismiss the Plaintiffs' (the "Plaintiffs" or the "McNeals") Complaint.

The Complaint, which was filed on March 6, 1985, 48 BR 431, seeks to have a debt owed to the McNeals by the debtor excepted from discharge pursuant to 11 U.S.C. section 523. The McNeals allege that, in the Summer and Fall of 1984, C. Edward Rowe, the President of H & R, fraudulently misrepresented to the McNeals the financial strength of the debtor in an effort to obtain an extension of time for payment of a settlement agreement and postponement of a state court hearing. More specifically, the McNeals allege that Rowe assured them that the debtor was financially able to pay the balance of a settlement agreement.

The settlement agreement arose out of a personal injury claim against the debtor, and called for certain payments to be made by August 13, 1984. Those payments were not made, and the Plaintiffs filed a petition to confirm the Settlement Agreement in a Pennsylvania state court. Following Rowe's assurances, the McNeals agreed to extend the time for payment until November 30, 1984 and to postpone the state court hearing on their petition. When no payment was received by November 30, 1984, the McNeals proceeded in state court and, on December 3, 1984, received a judgment of $243,126.04, plus attorney's fees of $1,790.00. Later that same day, H & R filed their petition for relief under Chapter 11.

The debtor has filed a motion to dismiss the McNeals' Complaint. Oral argument on that motion was heard by the Court on April 8, 1985. The question presented by the motion is whether 11 U.S.C. section 523 is applicable to a debtor who is not an individual.

It is undisputed that the debtor, H & R, is a corporation doing business in Gardner, Massachusetts. Section 523(a) provides in part that:

A discharge under section 727, 1141, or 1328(b) of this title does not discharge an *individual debtor* from any debt—.... (emphasis added)

Section 1141(d)(2) provides that:

The confirmation of a plan does not discharge an *individual debtor* from any

debt excepted from discharge under section 523 of this title. (emphasis added)

"[T]he inclusion in these provisions of the adjective 'individual' to modify 'debtor' clearly evidences the intent of Congress to exclude corporate debtors from the operation of section 523." *In re Kuempel Co.*, 14 B.R. 324, 325 (Bankr.S.D.Ohio 1981), *see also In re Airlift International, Inc.*, 16 B.R. 639 (Bankr.S.D.Fla.1981). Because section 523 applies only to individual debtors, the Court will allow H & R's motion to dismiss the McNeals' Complaint.

The Court notes that this problem is a procedural one and that the McNeals may raise their objections, if any, at the hearing on confirmation of the debtor's plan. *See* 11 U.S.C. section 1128; *In re The Hooton Company*, 43 B.R. 389 (Bankr.N.D.Ala. 1984); *In re Wilmington Development Corporation, Inc.*, 31 B.R. 516 (Bankr.E.D. Pa.1983).

SO ORDERED.