**In the Matter of Freddie Darrell BISHOP d/b/a Rainbow Truck Service and f/d/b/a Bishop Warehousing & Distribution Services, Debtor.**

**FIRST STATE BANK & TRUST COMPANY IN LEESBURG, Plaintiff,**

**v.**

**Freddie Darrell BISHOP, d/b/a Rainbow Truck Service, f/d/b/a Bishop Warehousing & Distributing Service, Defendant.**

**Bankruptcy No. 86–10054–ALB.**

**Adv. No. 86–1013–ALB.**

United States Bankruptcy Court,
M.D. Georgia,
Albany Division.

June 12, 1987.

---

Ronald F. Anderson of Perry, Walters & Lippitt, Albany, Ga., for plaintiff.

Robert L. Kraselsky of Vansant, Gilberg, Kraselsky & Corriere, P.C., Albany, Ga., for defendant.

ROBERT F. HERSHNER, Jr., Chief Judge.

## STATEMENT OF THE CASE

Freddie Darrell Bishop, d/b/a Rainbow Truck Service and f/d/b/a Bishop Warehousing & Distributing Services, Defendant, filed a petition for relief under Chapter 7 on February 3, 1986. On April 21, 1986, First State Bank & Trust Company in Leesburg, Plaintiff, filed a complaint in which it objects to Defendant's discharge on the asserted ground that Defendant has received a discharge in bankruptcy within the six years immediately preceding the filing of Defendant's Chapter 7 bankruptcy case. A pretrial hearing was held on May 27, 1986, and counsel for both parties, being in agreement that there were no factual issues for the Court to decide, agreed to submit the matter on cross motions for summary judgment. The Court, having considered the motions and the arguments of counsel, now publishes this memorandum opinion.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Defendant filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with this Court on March 18, 1982.[1] Defendant filed a Chapter 11 plan of reorganization on July 16, 1982. Defendant's plan of reorganization provides that Defendant continue in business and make payments under the plan from future income. The Court, by order dated June 29, 1983, confirmed Defendant's plan of reorganization. The order of confirmation provides that Defendant "is release [sic] from all dischargeable debts." Defendant operated under the confirmed Chapter 11 plan for approximately twenty-two months. The order of confirmation was never revoked under section 1144 of the Bankruptcy Code.[2]

On April 1, 1985, Defendant filed a "Motion to Dismiss," which sought the voluntary dismissal of his Chapter 11 case. By notice dated April 8, 1985, the Clerk of Court gave notice of the motion to all parties in interest. By order dated May 3,

---

1. *In re Bishop,* Ch. 11 Case No. 82–10078–ALB (Bankr.M.D.Ga. filed March 18, 1982).

2. Section 1144 of the Bankruptcy Code provides:
   On request of a party in interest at any time before 180 days after the date of the entry of the order of confirmation, and after notice and a hearing, the court may revoke such order if such order was procured by fraud.

An order under this section revoking an order of confirmation shall—
   (1) contain such provisions as are necessary to protect any entity acquiring rights in good faith reliance on the order of confirmation; and
   (2) revoke the discharge of the debtor.
11 U.S.C.A. § 1144 (West 1979).

1985, the Court ordered Defendant's Chapter 11 case dismissed. The order of dismissal provides:

Upon the Motion to Dismiss filed by the above-referenced Debtor pursuant to Bankruptcy Rule 1017, this Court finds:

1.

Notice has been given to creditors;

2.

There are no outstanding objections to the Motion.

WHEREFORE, IT IS HEREBY ORDERED that the above-referenced Chapter 11 Case is dismissed.

■ Pursuant to section 727(a)(8) of the Bankruptcy Code,[3] Plaintiff objects to Defendant's discharge. Section 727(a)(8) provides:

(a) The court shall grant the debtor a discharge, unless—

----

**3.** 11 U.S.C.A. § 727(a)(8) (West Supp.1987).

**4.** Section 1144 of the Bankruptcy Code provides:
On request of a party in interest at any time before 180 days after the date of the entry of the order of confirmation, and after notice and a hearing, the court may revoke such order if such order was procured by fraud. An order under this section revoking an order of confirmation shall—
(1) contain such provisions as are necessary to protect any entity acquiring rights in good faith reliance on the order of confirmation; and
(2) revoke the discharge of the debtor.
11 U.S.C.A. § 1144 (West 1979).

**5.** Section 1141 of the Bankruptcy Code provides:
(a) Except as provided in subsections (d)(2) and (d)(3) of this section, the provisions of a confirmed plan bind the debtor, any entity issuing securities under the plan, any entity acquiring property under the plan, and any creditor or equity security holder of, or general partner in, the debtor, whether or not the claim or interest of such creditor, equity security holder, or general partner is impaired under the plan and whether or not such creditor, equity security holder, or general partner has accepted the plan.
(b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.
(c) After confirmation of a plan, the property dealt with by the plan is free and clear of all claims and interests of creditors, of equity security holders, and of general partners in

. . . .

(8) the debtor has been granted a discharge under this section, under section 1141 of this title, or under section 14, 371, or 476 of the Bankruptcy Act, in a case commenced within six years before the date of the filing of the petition[.]

11 U.S.C.A. § 727(a)(8) (West Supp.1987). Thus, if Defendant has been granted a discharge under section 1141 of the Bankruptcy Code[4] in a case commenced within six years before the date of the filing of the Chapter 7 case, he must be denied a discharge. 4 *Collier on Bankruptcy* ¶ 727.11[1] (15th ed. 1987).

On June 29, 1983, Defendant's plan of reorganization was confirmed, and the order of confirmation released Defendant from all dischargeable debts that arose before the date of such confirmation and certain other debts as provided for in section 1141 of the Bankruptcy Code.[5] *See Par-*

----

the debtor, except as otherwise provided in the plan or in the order confirming the plan.
(d)(1) Except as otherwise provided in this subsection, in the plan, or in the order confirming the plan, the confirmation of a plan—
(A) discharges the debtor from any debt that arose before the date of such confirmation, and any debt of a kind specified in section 502(g), 502(h), or 502(i) of this title, whether or not—
(i) a proof of the claim based on such debt is filed or deemed filed under section 501 of this title;
(ii) such claim is allowed under section 502 of this title; or
(iii) the holder of such claim has accepted the plan; and
(B) terminates all rights and interests of equity security holders and general partners provided for by the plan.
(2) The confirmation of a plan does not discharge an individual debtor from any debt excepted from discharge under section 523 of this title.
(3) The confirmation of a plan does not discharge a debtor if—
(A) the plan provides for the liquidation of all or substantially all of the property of the estate;
(B) the debtor does not engage in business after consummation of the plan; and
(C) the debtor would be denied a discharge under section 727(a) of this title if the case were a case under chapter 7 of this title.
(4) The court may approve a written waiver of discharge executed by the debtor after the order for relief under this chapter.

*thenon Metal Works, Inc. v. Modern Tables, Inc. (In re Modern Tables, Inc.)*, 26 B.R. 585, 586, 10 Bankr.Ct.Dec. 945, 946 (Bankr.N.D.Ala.1983); 5 *Collier on Bankruptcy* ¶ 1141.01[4][a] (15th ed. 1987). *See also Draggoo Electric Co. v. State of Indiana Employment Security Division (In re Draggoo Electric Co.)*, 57 B.R. 916, 919, 14 Bankr.Ct.Dec. 220, 222 (Bankr.N. D.Ind.1986); *Paradise Valley Country Club v. Sun Valley Development Co. (In re Paradise Valley Country Club)*, 26 B.R. 990, 992, 10 Bankr.Ct.Dec. 139, 140, 8 Collier Bankr.Cas.2d 409, 411 (Bankr.D. Colo.), *aff'd* 31 B.R. 613, 614–15 (D.Colo. 1983); *In re Active Steel Erectors, Inc.*, 53 B.R. 851, 852–53, 13 Bankr.Ct.Dec. 806, 807 (Bankr.D.Alaska 1985) (confirmation of a Chapter 11 has the dual effect of revesting the debtor with title to his property and discharging the debtor from all dischargeable pre-petition debts).

As noted by the district court in *F & M Marquette National Bank v. Emmer Brothers Co. (In re Emmer Brothers Co.)*:[6]

[S]ection 1144 of the Bankruptcy Code allows a party to move to revoke the order confirming a Chapter 11 reorganization plan, on the ground that it was procured by fraud, within 180 days of the order. The Bankruptcy Rules provide that this time limit cannot be enlarged. BR 9006(b)(2); 9024.[7] Courts have consistently held that the explicit requirements of section 1144 must be adhered to. *E.g., In re Errington*, 39 B.R. 968 (Bankr.D.Minn.1984). The six month statute of limitations provided for in section 1144 and in predecessor or analogous statutes has been strictly enforced even in those cases where the alleged fraud of the debtor is not discovered until after the limitations period. *Matter of Penn Cent. Transp. Co.*, 42 B.R. 657 (E.D.Pa.1984); *Matter of Newport Harbor Assoc.*, 589 F.2d 20 (1st Cir.1978); *Matter of Medical Analytics, Inc.*, 410

F.Supp. 922 (S.D.N.Y.1975), *affirmed*, 532 F.2d 879 (2d Cir.1976) (per curiam). 52 B.R. at 391. *See also In re Emergency Beacon Corp.*, 48 B.R. 356 (S.D.N.Y.1985) (construing section 386 of the former Bankruptcy Act, 11 U.S.C. § 386 and Former Bankruptcy Rule 11–41).

■ Because Defendant's discharge under section 1141 was never revoked, Defendant's discharge is still effective. The Court, however, must determine what, if any effect, the dismissal of Defendant's bankruptcy case filed under Chapter 11 had upon Defendant's discharge. Section 349 of the Bankruptcy Code[8] governs the effect of dismissals under the Bankruptcy Code. Section 349 provides:

(a) Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, *of debts that were dischargeable* in the case dismissed.

(b) Unless the court, for cause, orders otherwise, a dismissal of a case other than under section 742 of this title—

(1) reinstates—

(A) any proceeding or custodianship superseded under section 543 of this title;

(B) any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or preserved under section 510(c)(2), 522(i)(2), or 551 of this title; and

(C) any lien voided under section 506(d) of this title;

(2) vacates any order, judgment, or transfer ordered, under section 522(i)(1), 542, 550, or 553 of this title; and

(3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title.

---

6. 52 B.R. 385 (D.Minn.1985).

7. Bankruptcy Rule 9024 provides, in part, that "a complaint to revoke an order confirming a

11 U.S.C.A. § 1141 (West 1979).

plan may be filed only within the time allowed by § 1144...." R.Bankr.P. 9024.

8. 11 U.S.C.A. § 349 (West 1979).

11 U.S.C.A. § 349 (West 1979) (emphasis added).

 The Court notes that the legislative history of section 349(a) provides that:

> Subsection (a) specifies t'at unless the court for cause orders otherwise, the dismissal of a case is without prejudice. The debtor is not barred from receiving a discharge in a later case of debts that were dischargeable in the case dismissed. *Of course, this subsection refers only to pre-discharge dismissals. If the debtor has already received a discharge and it is not revoked, then the debtor would be barred under section 727(a) from receiving a discharge in a subsequent liquidation case for six years.* Dismissal of an involuntary on the merits will generally not give rise to adequate cause so as to bar the debtor from further relief.

S.Rep. No. 989, 95th Cong., 2d Sess. 48, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5834; H.R.Rep. No. 595, 95th Cong., 1st Sess. 337–38, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5963, 6294. *See also* 2 *Collier on Bankruptcy* ¶ 349.02 (15th ed. 1987).

Based upon the statutory language of section 349(a) and the legislative history accompanying that section, the Court determines that the dismissal of Defendant's bankruptcy case under Chapter 11 did not effect the finality of the discharge granted Defendant in his Chapter 11 case. Defendant thus must be denied a discharge under section 727(a)(8) because Plaintiff has met its burden of proof under this section. Defendant was granted a discharge under section 1141 of the Bankruptcy Code in a bankruptcy case commenced on April 26, 1982, which is a bankruptcy case commenced within six years before the date of the filing of this Chapter 7 case.

An order in accordance with this opinion is attached hereto.

### ORDER

Based upon the attached and foregoing findings of fact and conclusions of law; it is

ORDERED that the motion for summary judgment made by First State Bank & Trust Company in Leesburg, Plaintiff, is hereby granted; and it is further

ORDERED that the discharge of Freddie Darrell Bishop, d/b/a Rainbow Truck Service, f/d/b/a Bishop Warehousing & Distributing Service, Defendant, is hereby denied.