**In re The SEEBURG CORPORATION, Debtor.**

**Eileen KENNEDY, etc., et al., Plaintiffs,**

**v.**

**Louis J. NICASTRO et al., Defendants.**

**No. 80 C 5991.**

United States District Court,
N. D. Illinois,
Eastern Division.

March 27, 1981.

Abraham N. Goldman, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

In July 1980 Eileen Kennedy ("Kennedy"), suing (1) on behalf of herself and all others similarly situated and (2) derivatively on behalf of Xcor International, Inc. ("Xcor"), filed an adversary proceeding in the Bankruptcy Court against The Seeburg Corporation ("Seeburg"), Xcor, consolidated Entertainment, Inc. and many of the individual directors of those companies. On November 28, 1980 Bankruptcy Judge Fisher dismissed Kennedy's adversary proceeding. Kennedy has filed three notices of appeal covering numerous orders of the Bankruptcy Judge.[1] Xcor and the individual defendants have filed separate motions to dismiss all of Kennedy's appeals for the reasons stated in this memorandum opinion and order, defendants' motions are granted.

### Relief Sought Against the Non-Seeburg Defendants

■ Judge Fisher held that the part of Kennedy's action that sought relief against all defendants except Seeburg involved parties and issues identical to those in the civil action now before this Court, *Kennedy v. Nicastro*, No. 80 C 2820. Judge Fisher therefore exercised the discretion given him by 28 U.S.C. § 1471(d) "in the interest of justice" by dismissing that part of the action without prejudice to Kennedy's ability to pursue her claim in the district court.[2] Under the unambiguous language of Section 1471(d), "Such abstention, or a decision not to abstain, is not reviewable by appeal or otherwise." Accordingly Kennedy's attempted appeal of that portion of Judge Fisher's order must be dismissed.

### Relief Sought Against Seeburg

■ Kennedy sought to have the Seeburg bankruptcy action dismissed, alleging

Reuben L. Hedlund and Barbara F. Altman, Hedlund, Hunter & Lynch, Chicago, Ill., for plaintiffs.

1. All the appeals were assigned to this Court as related to a civil action already before this Court, *Kennedy v. Nicastro*, No. 80 C 2820.

2. Although Section 1471(d) does not take effect until April 1, 1984, Section 405(b) of Title IV of the Bankruptcy Reform Act states that it is to have full effect during the transition period.

that Seeburg was a sham corporation over which the Bankruptcy Court had no jurisdiction. But Kennedy's attempts to appeal any aspect of the bankruptcy proceeding involving Seeburg fail because of mootness. On July 28, 1980 Judge Fisher confirmed a reorganization plan under which the assets of Seeburg were to be sold and the proceeds were to be distributed among creditors. That sale and distribution have now been completed.[3] Kennedy's appeals are now moot, for there is no relief this Court could provide if the appeals were successful on their merits. *In re Rock Industries Machinery Corp.*, 572 F.2d 1195 (7th Cir. 1978).

Kennedy argues that the principle of mootness does not apply to this case because, she claims, the order of confirmation was procured by fraud. But her conclusion does not follow from her premise, for 11 U.S.C. § 1144 provides:

> On request of a party in interest at any time before 180 days after the date of the entry of the order of confirmation, and after notice and a hearing, the Court may revoke such order if such order was procured by fraud. An order under this section revoking an order of confirmation shall—
>
> > (1) contain such provisions as are necessary to protect any entity acquiring rights in good faith reliance on the order of confirmation...

Kennedy has not alleged that any of the purchasers of Seeburg's assets or the creditors who received proceeds from the sale acted in bad faith. As a result this Court could not grant any relief under Section 1144. Thus all of Kennedy's appeals involving Seeburg are moot.

### Conclusion

Kennedy cannot sustain her appeal from any order of the Bankruptcy Court involving Seeburg or any of the other defendants. Defendants' motions to dismiss Kennedy's three notices of appeal are granted.

---

**3.** Judge Fisher granted Kennedy's request for a stay of the order of confirmation and sale, conditioned in accordance with Bankruptcy

---

Rule 805 upon the posting of a bond. Because Kennedy failed to post such bond, the sale and distribution were consummated.