**In re SERVICO, INC., *et al.***

**Sunyoung CHANG, as Special Administrator for the Estate of Fernando Chang, deceased, Appellant,**

v.

**SERVICO, INC., *et al.,* Appellees.**

**No. 93–1376–CIV–ATKINS.
Bankruptcy No. 90–36655–BKC–AJC.
Adv. No. 92–0687–BKC–AJC–A.**

United States District Court,
S.D. Florida.

Oct. 7, 1993.

L. Louis Mrachek, Gunster, Yoakley & Stewart, PA, West Palm Beach, FL, Alan R. Gordon, Saul, Ewing, Remick & Saul, Philadelphia, PA, for appellant.

John K. Olson, Stearns, Weaver, Miller, Weissler, Alhadeff & Sitterson, P.A., Tampa, FL, Harold D. Moorefield, Stearns, Weaver, Miller, Weissler, Alhadeff & Sitterson, P.A., Miami, FL, for appellees.

## ORDER GRANTING DEFENDANTS–APPELLEES' MOTION TO DISMISS APPEAL AS MOOT

ATKINS, District Judge.

THIS MATTER is before the court on Appellees' Motion to Dismiss Appeal as Moot (D.E. 8). After careful consideration of the motion, memorandum of law in support thereof, responses and replies thereto, the parties' oral argument and the record, it is

**ORDERED AND ADJUDGED** that Appellees' Motion to Dismiss Appeal as Moot is **GRANTED.** It is further **ORDERED AND ADJUDGED** that the above-referenced bankruptcy appeal is hereby **DISMISSED.**

This case involves an appeal from an order of Bankruptcy Judge Jay Cristol granting defendants Servico, Inc., et al.'s Motion for Summary Judgment. This court is confronted with the issue of whether plaintiff Sunyoung Chang's (as Special Administrator for the Estate of Fernando Chang) appeal in this 11 U.S.C. § 1144 case has been rendered moot.

### Background

Servico, Inc. and its 66 affiliate entities ("Servico") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on September 18, 1990. The Servico case represented one of the largest and most complex reorganizations ever filed in the United States Bankruptcy Court for the Southern District of Florida, involving more than 5,000 creditors and equity interest holders.

Prior to the bankruptcy proceedings, plaintiff Fernando Chang ("Chang") was the majority shareholder of FCD/Chang, Inc. ("FCD/Chang"). FCD/Chang owned one hundred percent of the outstanding stock of FCD Hospitality, Inc. ("FCD Hospitality"). Through these corporations, Chang controlled the equity interests in Servico. Chang was a party in interest in Servico's bankruptcy proceedings pursuant to section 1109 of the Bankruptcy Code.[1]

Chang, as a party in interest, was duly noticed regarding every evidentiary hearing in the Servico bankruptcy proceedings, including the hearings on the Disclosure Statement and the Order Confirming the Reorganization Plan ("Confirmation Order" or "Plan"). Chang, in the instant action, is claiming that both the Disclosure Statement and the Confirmation Order in the Servico bankruptcy proceedings were procured fraudulently. However, Chang never took any action on either the Disclosure Statement or the Confirmation Order. Chang never appealed the Order Approving the Disclosure Statement. Chang never appealed the Confirmation Order. In fact, Chang and his counsel remained silent at the hearing on the Confirmation Order. Chang never attempted to stay the effectiveness of the Confirmation Order. Chang took no action whatsoever in any of the bankruptcy proceedings despite his opportunity and obligation to do so; Chang only filed a Proof of Claim and cast a ballot rejecting the Plan.

Indeed, Chang never took any action in the Servico case until after his negotiations with Servico's President to purchase all the assets and stock of the Reorganized Debtors broke down. Apparently, Chang threatened to bring this suit during the negotiations. When Servico's President refused to negotiate further, Chang did bring the threatened suit. Chang's suit sought to revoke the Confirmation Order under 11 U.S.C. § 1144 ("§ 1144")[2] on the basis of fraud regarding the Disclosure Statement and the Plan, neither of which Chang had objected to before.

Defendants filed a Motion for Summary Judgment in the § 1144 action. The Bank-

---

1. Parties in interest may appear and raise and be heard on any issue in a case, including the approval of a disclosure statement and reorganization plan. *See* 11 U.S.C. §§ 1109, 1128.

2. § 1144 reads:
   On request of a party in interest at any time before 180 days after the date of the entry of the order of confirmation, and after notice and a hearing, the court *may* revoke such order if and only if such order was procured by fraud. An order under this section revoking an order of confirmation *shall*—
   (1) contain such provisions as are necessary to protect any entity acquiring rights in good faith reliance on the order of confirmation; and
   (2) revoke the discharge of the debtor.
   11 U.S.C. § 1144 (emphasis added).

ruptcy Judge granted Defendants' Motion for Summary Judgment on the grounds of res judicata, collateral estoppel, estoppel, waiver, and laches on November 24, 1992. Plaintiff Chang appeals that order.

The effective date for the Plan was August 5, 1992 ("Effective Date"). Since that date, several corporate mergers have taken place to form the Reorganized Debtors. Almost 6.5 million shares of the 7 million to be issued under the Plan have been issued to approximately 3,600 creditors. More than 3.6 million shares have been publicly traded on the American Stock Exchange. Payments totalling over $4 million have been made to creditors and only 186 (less than 2%) of the 10,000 claims remain unresolved. The Reorganized Debtors have commenced making payments on the long-term indebtedness. Most of the properties to be transferred under the Plan have been transferred.

The Bankruptcy Judge ruled in his Order Granting Defendants' Motion for Summary Judgment that the Plan had been substantially consummated as a matter of law. *See* Order Granting Defendants' Motion for Summary Judgment at p. 6. Since the date of the Order Granting Defendants' Motion for Summary Judgment, more has been accomplished under the Plan. Further, the Bankruptcy Judge stated that he will not revoke the Confirmation Order, even if Chang could prove fraud because there is no relief under § 1144 that he can fashion to protect those parties who have relied in good faith on the Confirmation Order. *See* Order Granting Defendants' Motion for Summary Judgment at p. 6, 17; Order Denying Motion for Rehearing of Order Granting Defendants' Motion for Summary Judgment at p. 2.

*Discussion*

The principal issue here is whether Chang's appeal is moot and should thus be dismissed. Several related considerations dictate that this appeal should be dismissed: constitutional principles of mootness; the substantial consummation of the Plan; the lack of effective relief available in this case;

and, the inaction of Chang prior to this § 1144 action.

Mootness is premised on the constitutional jurisdictional notion that federal courts can only hear live controversies. U.S. Const. art. III. An "actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Preiser v. Newkirk*, 422 U.S. 395, 401–402, 95 S.Ct. 2330, 2334–35, 45 L.Ed.2d 272 (1974) (quoting *Steffel v. Thompson*, 415 U.S. 452, 459 n. 10, 94 S.Ct. 1209, 1215 n. 10, 39 L.Ed.2d 505 (1974)). If a court finds in favor of the plaintiff, but it is impossible to grant any effectual relief, the court will not proceed to formal judgment and will dismiss the appeal as moot. *Mills v. Green*, 159 U.S. 651, 16 S.Ct. 132, 40 L.Ed. 293 (1895). Therefore, even if Chang presented a live controversy at the time he filed his § 1144 action, if the appeal is moot, it must be dismissed.

The constitutional principle of mootness retains its vitality in the context of a bankruptcy appeal. *Miami Center Ltd. Partnership v. Bank of New York*, 838 F.2d 1547, 1553–1556 (11th Cir.), *cert. denied*, 488 U.S. 823, 109 S.Ct. 69, 102 L.Ed.2d 46 (1988) (*"Miami Center II"*). It is appropriate for a court to dismiss a bankruptcy appeal when the reorganization plan has been substantially consummated and it has "become legally and practically impossible to unwind the consummation of the plan or otherwise to restore the status quo before the confirmation." *Miami Center II*, 838 F.2d at 1557; *See also In re Club Associates*, 956 F.2d 1065, 1069 (11th Cir.1992).

Chang's argument that mootness does not apply to § 1144 cases fails. Chang argues that since § 1144 provides a 180–day statute of limitations, the legislature created the absolute right to bring such an action within that period regardless of whether effective relief can be granted. While there is a slight difference between appeals from confirmation orders and appeals in § 1144 cases,[3] that difference does not render meaningless the constitutional requirement that federal courts may only hear live controver-

---

**3.** The only meaningful difference being the basis of the action; § 1144 actions must be predicated on fraud while appeals from confirmation orders need not be based on fraud.

sies. Therefore, the doctrine of mootness does apply in § 1144 cases if the reorganization plan has been substantially consummated and no effective relief can be fashioned. *See Miami Center II, supra; Club Associates, supra; See also In re Seeburg Corp.,* 10 B.R. 326 (N.D.Ill.1981).

■■■ Confirmation plans eventually reach a point of completion where to reverse the confirmation order would be to "knock the props out from under the authorization for every action that has taken place" under the plan. *Miami Center II,* 838 F.2d at 1555. This is the point of substantial consummation. "Substantial consummation" is specifically defined by the Bankruptcy Code as:

> (A) transfer of all or substantially all of the property proposed by the plan to be transferred; (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (C) commencement of distribution under the plan.

11 U.S.C. § 1101(2). When a plan that is being appealed has been substantially consummated, it becomes impossible to unwind the consummation or otherwise restore the status quo and the appeal is moot. *Miami Center II,* 838 F.2d at 1557.

■■■ In this case, the Bankruptcy Judge ruled, as a matter of law, that the Plan had been substantially consummated. Order Granting Defendants' Motion for Summary Judgment at p. 6; *See also* 11 U.S.C. § 1101(2). Of course, conclusions of law are reviewed de novo. *U.S. v. Goolsby,* 908 F.2d 861, 863 (11th Cir.1990). However, after an independent review of what has been accomplished under the Plan, this court finds that the Plan has been substantially consummated.[4]

■■■ All three prongs of § 1101(2) have been met here. First, all or substantially all of the hotel properties to be transferred un-der the Plan have been transferred. *See* 11 U.S.C. § 1101(2)(A). Second, a new Board of Directors and management team have assumed responsibility for the business of the Reorganized Debtors Servico. *See* 11 U.S.C. § 1101(2)(B). Finally, distribution has commenced and is close to completion under the Plan: 6.5 million of the 7 million shares to be issued have been issued and payments of cash have been made to creditors. *See* 11 U.S.C. § 1101(2)(C). Thus, the Plan has been substantially consummated and Chang's appeal is moot. *See Club Associates,* 956 F.2d 1065; *Miami Center II,* 838 F.2d 1547.

Further, no effective relief can be granted in this case, which also renders the appeal moot. *See Id.* Chang's action is for revocation of the Confirmation Order. Relief can only be afforded under § 1144 if entities acquiring rights in reliance on the confirmation order did so in bad faith.[5] Since there is no evidence here that any of the entities acquiring rights in Servico after the Effective Date acted in bad faith, no effective relief can be granted and the appeal is moot. *Seeburg,* 10 B.R. 326 (where plaintiff did not allege that any entities purchasing assets of the debtor acted in bad faith, there was no effective relief to be granted under § 1144 and the appeal was moot).

Further, it would be impossible to unwind the transactions under the Plan. To attempt to do so would only create an unmanageable and uncontrollable situation for the bankruptcy court. *In re Roberts Farms,* 652 F.2d 793, 797 (9th Cir.1981). Countless transactions have taken place under the Plan, including the trading of millions of shares of Servico stock on the American Stock Exchange. In fact, the Bankruptcy Judge has already stated that he will not revoke the Plan and cannot undo what has been done under the Plan (*See* Order Granting Defendants' Motion for Summary Judgment at p. 17; Order Denying Motion for Rehearing of Order Granting Defendants' Motion for Summary Judgment at p. 2), the precise relief Chang is seeking. Thus, no effective relief

---

4. This conclusion is buttressed by the fact that Chang has never challenged the conclusion that the Plan has been substantially consummated. Rather, Chang's sole contention is that the doctrine of mootness does not apply to this case.

5. § 1144 requires all "good faith purchasers" to be protected if revocation of the reorganization plan is granted. 11 U.S.C. § 1144(1).

can be granted in this case. Under the general principles of mootness as well as those particular to bankruptcy cases, this appeal is moot. *See Club Associates,* 956 F.2d 1065; *Miami Center II,* 838 F.2d 1547.

 In addition to the above considerations, Chang's inaction in the Servico bankruptcy proceedings until this § 1144 action, estops him from attempting to dismantle everything that has been accomplished under the Plan. First, Chang never attempted to stay the effectiveness of the Confirmation Order. It is well-settled that where no stay pending appeal is obtained and action is taken under the reorganization plan by good faith purchasers in reliance on the confirmation order, the appeal becomes moot. *Miami Center II,* 838 F.2d at 1553–1554. There is an "important policy of bankruptcy law that court-approved reorganization plans be able to go forward based on court approval unless a stay is obtained." *Id.* at 1555. Thus, Chang's failure to obtain a stay pending his § 1144 action is fatal to this appeal. *See id.*

Second, as stated above, Chang had numerous opportunities to raise objections to the Disclosure Statement and to the Confirmation Order. Yet, Chang chose not to for reasons that are unclear to this court, despite the fact that the very issues Chang raises in the § 1144 action were addressed in the bankruptcy proceedings. Because Chang did not raise these issues in a timely manner and instead allowed the Plan to become substantially consummated, he should be estopped from pursuing this § 1144 action. *See Matter of Garfinkle,* 672 F.2d 1340 (11th Cir. 1982); *Travelers Indem. Co. v. Swanson,* 662 F.2d 1098 (5th Cir.1981) (party may be estopped where a duty to speak exists, but the party to be estopped fails to speak); *In re Nyack Autopartstores Holding Co., Inc.,* 98 B.R. 659 (Bankr.S.D.N.Y.1989) (where party in interest failed to take action in a timely manner, party acquiesced in and ratified the allegedly *ultra vires* acts).

In sum, under the doctrine of mootness because the Plan has been substantially consummated and no effective relief can be granted in this case, this appeal is moot and should be dismissed. Moreover, equitable concerns mandate that Chang not be permitted to pursue his efforts to dismantle the reorganization of Servico. Accordingly, Servico's Motion to Dismiss Appeal as Moot is **GRANTED** and Chang's Appeal is **DISMISSED AS MOOT.**

DONE AND ORDERED.