19 F.3d 1439
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re The CIRCLE K CORPORATION, Circle K Convenience Stores,
Inc., Circle K Management Co., Lar-Lin Inc., et
al., Debtors.
S.N. PHELPS & CO., Commonwealth Oil Refining Company, Inc.,
Realmark Holdings, Inc., Plaintiffs-Appellants,
v.
The CIRCLE K CORP.; Citibank, N.A.; Senior Secured
Noteholders; Official Committee of Unsecured
Creditors; Ck Acquisitions Corporation,
Defendants-Appellees.
 No. 93-16278.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 10, 1994.*
Decided March 15, 1994.
 MEMORANDUM***
 
 1
 Before: ALARCON and FERNANDEZ, Circuit Judges, and HILL, Senior District Judge.**
 
 
 2
 S.N. Phelps & Co., Commonwealth Oil Refining Co., and RealMark Holdings, Inc. ("appellants") appeal the district court's order dismissing their appeal for lack of standing. We dismiss this appeal because it is moot.
 
 BACKGROUND FACTS
 
 3
 The Circle K Corporation and related entities ("Debtor") filed a petition for reorganization under chapter 11 of the Bankruptcy Code. There were four major creditor groups: (1) the bank group, (2) senior secured noteholders, (3) unsecured creditors, and (4) debenture holders, represented by the Official Committee of Debenture Holders ("Debenture Committee"). Appellants hold senior subordinated debentures. Debtor's plan of reorganization, under which the Debtor was sold to CK Acquisitions Corp. ("Acquisitions"), was confirmed over the Debenture Committee's objection.
 
 
 4
 Appellants appealed the confirmation order. The district court dismissed the appeal on the ground that appellants did not have standing because they did not file objections and appear at the confirmation hearing nor did they participate in the briefing after that hearing. Appellants' motions for stay of the confirmation order in the bankruptcy court, the district court, and this court were denied. Debtor's motion to dismiss this appeal as moot was denied by a motions panel of this court.
 
 DISCUSSION
 
 5
 Appellants argue that the decision of the motions panel is the law of the case. "Generally, this court will not reconsider a question upon which another panel has ruled in the same case. However, this 'law of the case' doctrine is inapplicable to the question of our jurisdiction to consider an appeal." Larez v. City of Los Angeles, 946 F.2d 630, 636 (9th Cir.1991) (internal quotations omitted). Mootness is a question of constitutional jurisdiction. Cox v. McCarthy, 829 F.2d 800, 803 (9th Cir.1987). Thus, the merits panel may revisit the decision of a motions panel to deny a motion to dismiss the appeal as moot. Picrin-Peron v. Rison, 930 F.2d 773, 775 (9th Cir.1991); see In re Commercial W. Fin. Corp., 761 F.2d 1329, 1332 n. 6 (9th Cir.1985).
 
 
 6
 An appeal becomes moot when, in the absence of a stay, a plan of reorganization is so far implemented that it becomes impossible for the appellate court to fashion effective relief. In re Roberts Farms, Inc., 652 F.2d 793, 797 (9th Cir.1981); cf. 11 U.S.C. Sec. 1101(2). That is the case here.
 
 
 7
 After all stays expired, Acquisitions paid $395,000,000 to the disbursing agent and received newly issued stock of the reorganized debtor. Debtor's old stock was cancelled. Acquisitions borrowed $235,000,000 from banks which are not parties to this appeal and pledged the new stock as collateral. Acquistions, Debtor and its subsidiaries have undergone a number of mergers. The disbursing agent made distributions to the bank group, senior secured noteholders, and unsecured creditors. Some of these payments were made in compromise of claims. Workers' compensation suits which were stayed during the bankruptcy are proceeding to judgment, and trade creditors are doing business with the reorganized debtor.
 
 
 8
 Appellants argue that the creditors who received the bulk of the distributions are parties to this appeal who could be ordered to return their distributions to the estate. See In re Spirtos, 992 F.2d 1004, 1007 (9th Cir.1993) (when debtor was party to appeal, court could order debtor to return erroneously disbursed funds). However, $10,000,000 paid to unsecured creditors and $3,900,000 paid to environmental claimants could not be returned to the estate. Another $11,600,000 reserved for environmental claims probably could not be disturbed without jeopardizing the settlement of those claims. Appellants' suggestion that Debtor could absorb any amount which cannot be recovered from nonparties to this appeal simply underscores that the plan cannot be vacated without destructive impact on the reorganized debtor and its post-confirmation creditors. Our inability to undo that which has been done precludes us from fashioning effective relief in this case.
 
 
 9
 In a related appeal by the Debenture Committee, the district court made a general statement that, although it would be complicated, something could be done because disbursements could be returned and stock could be transferred. However, the district court did not address the fact that Acquisitions has borrowed money and pledged the new stock as collateral. Those lending banks are not parties to this appeal. Furthermore, appellants do not merely seek some adjustments. Cf. In re Chateaugay Corp., 10 F.3d 944, 952-54, 958-59 (2d Cir.1993) (creditors challenged priority of claims which would affect the amount of distributions to creditors). Appellants here seek the wholesale dismantling of the plan and its funding. They seek to vacate the bidding process and start afresh. Apart from return of the monies that have been disbursed, vacating the plan would also annul the compromises it embodies. It would abolish the reorganized debtor, which has been doing business for nearly six months, and place claims against that business in limbo. It would affect numerous third parties.
 
 
 10
 Appellants did diligently seek a stay of the confirmation order at all levels. See Roberts Farms, 652 F.2d at 798. However, the fact that appellants diligently sought a stay does not prevent the appeal from becoming moot. That, in fact, is why we have said that stay applications must be given serious consideration. Id. Neither the fact that appellants were diligent nor the fact that some money might be recovered from parties to this appeal means that this court can fashion effective relief if appellants prevail. In other words, some vague prediction that something might be done does not confront the hard reality that millions of dollars have changed hands, myriads of transactions have taken place, and hordes of third parties have been affected. Accordingly, the appeal is dismissed as moot.
 
 
 11
 DISMISSED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Hon. Irving Hill, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3