**In re Carl PAGE and Mary Page, Debtors.**

**Bankruptcy No. 584–50092–11.**

United States Bankruptcy Court,
N.D. Texas,
Lubbock Division.

Sept. 10, 1990.

---

3. Their isolated reference to Trial Ex. B is insufficient in this regard. *See* Appellants Rep.Br. at 14.

R. Byrn Bass, Jr., Harding, Bass, Fargason & Booth, Lubbock, Tex., for debtors.

Robert L. Jones, Crenshaw, Dupree & Milam, Lubbock, Tex., for the Bank.

## MEMORANDUM OF OPINION ON POST–CONFIRMATION DISMISSAL OF A CHAPTER 11

JOHN C. AKARD, Bankruptcy Judge.

■ The issue before the court is the effect of dismissal of a Chapter 11 case on debts for which a confirmed Chapter 11 plan provided. The court finds that debts which the plan provided for are not discharged.

### Facts

On May 1, 1984, Carl and Mary L. Page (Debtors) filed for relief under Chapter 11 of the Bankruptcy Code. Their plan of reorganization provided for full payment of all creditors in installments over several years from Carl F. Page's income earned as a medical doctor. On page 7, the plan provided: "Upon confirmation, Debtors shall be revested with all their assets subject to all valid liens as now existing on and against the real and personal property. Debtors shall be able to manage their affairs without further orders of the Court and shall be able to sell any of their property without any further orders of the Court." The plan provided that the court retain jurisdiction "to insure that the purpose and intent of this Plan are carried out," specifically mentioning claims determination, injunctions, and enforcement and interpretation of terms of the plan.

The court confirmed the plan on June 18, 1985. Plan payments were made regularly for approximately 2.4 years until illness forced Dr. Page to reduce his medical practice. Presently, his physical condition allows him only a limited medical practice which does not produce sufficient income to provide payments under the plan. Modification of the plan does not appear to be feasible. The Debtors filed to dismiss the Chapter 11 proceeding asserting that the confirmation of the plan discharged them from all debts incurred up to that date. In effect, they asserted they have a moral, but not a legal, obligation to make the payments under the plan.

The largest unsecured creditor, First National Bank at Lubbock (Bank), opposed the dismissal if it resulted in a discharge of the balance owed to the Bank. The Bank asserted that the Debtors are not "parties in interest" entitled to request dismissal of a confirmed Chapter 11 plan. Additionally, the Bank argued that the discharge which arises as a result of confirmation of a Chapter 11 plan does not discharge debts which the plan proposed to pay.

On April 12, 1990, the Debtors filed their motion to dismiss. The court dismissed the case on April 24, 1990 finding that there had been a material default by the Debtors with respect to their confirmed plan and that dismissal of the case was in the best interest of the creditors and the estate pursuant to § 1112(b)(8) of the Bankruptcy Code[1]. The Bank filed a Motion to Reconsider and Amend Order Dismissing Case.

### Statutes

The portions of the Bankruptcy Code which have a bearing on this matter are:

*§ 1109. Right to be heard.*

.    .    .    .    .

(b) A party in interest, including the debtor … may raise and may appear and be heard on any issue in a case under this chapter.

---

1. The Bankruptcy Code is 11 U.S.C. § 101 *et seq.* References to section numbers are references to sections in the Bankruptcy Code.

*§ 1112. Conversion or dismissal.*

.    .    .    .    .

(b) [O]n request of a party in interest or the United States trustee, and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause, including—

.    .    .    .    .

(8) material default by the debtor with respect to a confirmed plan....

*§ 1141. Effect of confirmation.*

(a) [T]he provisions of a confirmed plan bind the debtor ... and any creditor ... whether or not the claim ... of such creditor ... is impaired under the plan and whether or not such creditor ... has accepted the plan.

(b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.

(c) [E]xcept as otherwise provided in the plan or in the order confirming the plan, after confirmation of a plan, the property dealt with by the plan is free and clear of all claims and interests of creditors....

(d)(1) Except as otherwise provided in this subsection, in the plan, or in the order confirming the plan, the confirmation of a plan—
(A) discharges the debtor from any debt that arose before the date of such confirmation, and any debt of the kind specified in Section 502(g), 502(h), or 502(i) of this title ...

(2) The confirmation of a plan does not discharge an individual debtor from any debt excepted from discharge under Section 523 of this title.

*§ 349. Effect of dismissal.*

(a) Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(f) of this title.

(b) Unless the court, for cause, orders otherwise, a dismissal of a case other than under section 742 of this title—
(1) reinstates—
(A) any proceeding or custodianship superseded under section 543 of this title;
(B) any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or preserved under section 510(c)(2), 522(i)(2), or 551 of this title; and
(C) any lien voided under section 506(d) of this title;
(2) vacates any order, judgment, or transfer ordered, under section 522(i)(1), 542, 550, or 553 of this title; and
(3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title.

## DISCUSSION

*Is the Debtor a Party in Interest?*

■ The Bank urged that the term "party in interest" encompasses everyone except a debtor and therefore a debtor is not entitled to bring a motion to dismiss a confirmed Chapter 11 plan. The term "party in interest" is not defined in § 101, but it is defined in a non-exclusive way in § 1109(b) as including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee. Section 1109(b) further states that a party in interest may raise and may appear and be heard on any issue in a case under this chapter. Thus the debtor, as a party in interest, may request dismissal or conversion under § 1112(b).

## Issue

■ Due to their inability to continue payments under the plan, the Debtors filed a motion to dismiss the case. If a motion to dismiss a case is opposed, the moving party has the burden of proof on the issue of "cause." Section 1112(b) contains ten non-exclusive grounds which constitute "cause." Once "cause" is found, conversion to Chapter 7 or dismissal is within the discretion of the bankruptcy court. The choice of conversion or dismissal is based on a "best interest of creditors and the estate" test. 5 *Collier on Bankruptcy* ¶ 1112.03[2][d](i), (15th ed. 1987). The court dismissed the Debtors' Chapter 11 case, finding that there had been a material default by the Debtors regarding their confirmed plan of reorganization and that dismissal would be in the best interest of the creditors and the estate. The issue now before the court is the effect of that dismissal on the discharge received by the Debtors upon confirmation of their plan of reorganization.

### Discharge Upon Confirmation

Section 1141(d)(1) states that confirmation of a plan discharges the debtor from any debt that arose or is deemed to have arisen prior to the date of confirmation except as is otherwise provided in § 1141(d), in the plan itself, or in the order confirming the plan. The exceptions in § 1141(d)(2), (3) are inapplicable in this case. At page 8, the Debtors' Plan of Reorganization stated: "Upon confirmation the Debtors shall be discharged and/or released of all those debts and claims dischargeable under the Code." The June 18, 1985 order confirming the plan stated: "Except as may hereinafter (sic) be determined on timely filed objections, Debtors are released from all dischargeable debts...." The order contained an injunction prohibiting creditors from seeking to enforce discharged debts. In *First State Bank & Trust Company in Leesburg v. Bishop (In re Bishop)*, 74 B.R. 677 (Bankr. M.D.Ga.1987), the court held that "the dismissal of Defendant's bankruptcy case under Chapter 11 did not effect (sic) the finality of the discharge granted Defendant in his Chapter 11 case." *Id.* at 681.

Dismissal of a Chapter 13 case may have the effect of vacating the confirmed plan. *See Nash v. Kester (In re Nash)*, 765 F.2d 1410 (9th Cir.1985). *But see Waugh v. Saldamarco (In re Waugh)*, 82 B.R. 394 (Bankr.W.D.Pa.1988). In a Chapter 13 proceeding, a discharge is not granted until the plan payments are completed. § 1328(a). Consequently, Chapter 13 cases are not applicable to Chapter 11 cases in which the discharge is granted upon confirmation.

### Section 349

Section 349 describes the effect of dismissal. Section 349(a) provides that unless the court orders otherwise the dismissal of a case does not bar the discharge in a later case. However, the legislative history shows that this section "refers only to pre-discharge dismissal." H.R.Rep. 595, 95th Cong., 1st Sess. 38 (1977) *reprinted in* 1978 U.S.Code Cong. & Admin.News 5963, 6294; S.Rep. No. 989, 95th Cong., 2d Sess. 48 (1978) *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5834; *See also Bishop, supra,* at 681.

Section 349(b)(1) and (2) seeks to restore all property to the position it occupied at the commencement of a case by reinstating custodianships, avoided transfers and avoided liens. In the instant case, liens held by the Bank and other secured creditors were preserved in the Debtors' plan. On January 16, 1990, the court granted the Bank's motion to be relieved from the automatic stay. At the hearing on the motion for reconsideration, the Bank stated that it held an *unsecured* claim for approximately $88,000.00. Consequently, § 349(b)(1) and (2) is inapplicable.

Section 349(b)(3) revests the property of the estate in the entity which owned such property at the commencement of the bankruptcy case. "In a case under Chapter 11, the estate continues until confirmation of the plan under § 1129, at which time all of the property of the estate vests in the debtor. 11 U.S.C. § 1141(b). After that time, the estate is no longer in existence." *In re Frank Meador Buick, Inc.,* 59 B.R. 787, 791 (Bankr.W.D.Va.), *aff'd, Dobbins v. Frank Meador Buick, Inc.,* 65 B.R. 200

(W.D.Va.1986). Therefore, the property revesting provision of the Code has no impact in this case.

### New Contract

While confirmation of a Chapter 11 plan discharges the debtor from his pre-confirmation debts, it substitutes the obligations of the plan for those debts. "Confirmation of the plan marks the beginning of the reorganized debtor's new financial life. New legal relationships are established and old ones are modified or terminated." *In re Valley Park Group, Inc.*, 96 B.R. 16, 24 (Bankr.N.D.N.Y.1989) (citation omitted). Section 1141(a) states that "the provisions of a confirmed plan bind the debtor ..." Section 1142(a) provides that "the debtor ... shall carry out the plan and shall comply with any orders of the court."

"The general rule is that a confirmed plan of reorganization is binding on the debtor and other proponents of the plan." *Garsal Realty, Inc. v. Troy Savings Bank (In re Garsal Realty, Inc.)*, 39 B.R. 991, 994 (N.D.N.Y.1984), *aff'd mem.*, 755 F.2d 913 (2d Cir.1985). In essence, the plan becomes a binding contract between the debtor and the creditors and controls their rights and obligations. *See In re Kentucky Lumber Co.*, 860 F.2d 674 at 679 (6th Cir.1988). "Absent special language in the plan, two propositions seem clear as a result of the substitution of plan obligations for pre-confirmation obligations. First, creditors may engage in all lawful collection activities to enforce plan obligations; second, creditors may not take any steps to collect pre-confirmation obligations." Lander and Warfield, *A Review And Analysis Of Selected Post-confirmation Activities In Chapter 11 Reorganizations*, 62 Am.Bankr.L.J. 203, 217 (1988). *See also Paul v. Monts (In re International Plastics, Inc.)*, 906 F.2d 1468, 1474–76 (10th Cir.1990) (holding that confirmation of a Chapter 11 Plan creates a binding contract which may be enforced in state courts).

### CONCLUSION

The Debtors' confirmed plan became a contract between the Debtors and the creditors. In exchange for discharge of their pre-petition debt, the Debtors took on the obligation to pay under the plan. This obligation is not discharged. Therefore, the new debts created under the plan—in this case, the old but restructured debts—are not discharged. Following confirmation, the bankruptcy court retains jurisdiction for limited purposes.[2] Following dismissal, the bankruptcy court has no further jurisdiction and creditors are free to enforce their plan-created contractual rights in the appropriate state court forum. The Bank's Motion to Reconsider and Amend Order Dismissing Case will be granted to the extent of the court's determination that debts provided for in the plan are not discharged. The case will be dismissed.

ORDER ACCORDINGLY.[3]

---

**2.** The Bankruptcy courts are admonished not to keep post-confirmation debtors in perpetual "tutelage". *North American Car Corp. v. Peerless Weighing & Vending Machine Corp.*, 143 F.2d 938, 940 (2d Cir.1944).

**3.** This Memorandum shall constitute Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 7052 which is made applicable to Contested Matters by Bankruptcy Rule 9014.