**In re NYLON NET COMPANY, Debtor.**

Bankruptcy No. 85–21982–B.

United States Bankruptcy Court,
W.D. Tennessee.

Oct. 8, 1998.

Jeffrey D. Germany, R. Lee Webber, Memphis, Tennessee, for debtor.

John D. Horne, Memphis, Tennessee, for William Sacharin and Goldie Sacharin.

### MEMORANDUM OPINION AND ORDER DENYING DEBTOR'S MOTION TO REOPEN CHAPTER 11 CASE

WILLIAM H. BROWN, Bankruptcy Judge.

This contested matter is before the Court on the debtor's motion to reopen its chapter 11 bankruptcy case in order to enjoin state court collection lawsuits filed in response to the debtor's alleged default in plan payments to unsecured creditors. The debtor's motion was met with opposition from the collecting creditors, who allege that the debtor's confirmed plan of reorganization created a novation between the parties, enforceable in state court, and that the debtor's motion is time barred by the equitable doctrine of laches.

The primary issue presented is whether the Court should exercise its jurisdiction to reopen the debtor's chapter 11 bankruptcy case, which has been closed for more than 10 years, in order to afford the defaulting debtor relief from the state court debt collection efforts of its prepetition unsecured creditors. In light of the substantial passage of time

after confirmation of the debtor's chapter 11 plan of reorganization, and considering the contractual nature of the parties' dispute, the Court finds that the parties' interests will be best served in the non-bankruptcy forum. Therefore, the debtor's motion to reopen is **DENIED.** This opinion and order contains findings of fact and conclusions of law pursuant to FED.R.BANKR.P. 7052.

### FACTUAL SUMMARY

The debtor filed for relief under chapter 11 of the Bankruptcy Code in 1985, and this Court entered an order confirming the debtor's chapter 11 amended plan of reorganization on December 12, 1986. Pursuant to the terms and conditions of the confirmed plan, unsecured creditors William Sacharin and Goldie Sacharin were classified as Class 6 creditors. When certain conditions set forth in the plan were met, Class 6 creditors were to be paid thirty percent (30%) of their allowed claims in five (5) equal, annual installments beginning December 15, 1990 and continuing through December 15, 1994.

At some point, William Sacharin and Goldie Sacharin declared the debtor in default in its plan payments, and filed collection suits on July 24, 1998 in the Chancery Court of Shelby County, Tennessee. Relying on this Court's Order of confirmation of its chapter 11 plan of reorganization and discharge of prepetition debts, the debtor filed a motion on August 11, 1998 requesting this Court to reopen its chapter 11 bankruptcy case in order to enjoin the Chancery Court collection lawsuits.

William Sacharin and Goldie Sacharin oppose the debtor's motion, alleging that the debtor's obligations to unsecured creditors were not discharged entirely upon confirmation, but were instead redefined by the terms and conditions of the debtor's amended plan of reorganization.

### ANALYSIS AND CONCLUSIONS OF LAW

Section 350(b) of the Bankruptcy Code permits, within the discretion of the bankruptcy court, the reopening of cases "to administer assets, to accord relief to the debtor, and for other cause." Some courts, focusing on the debtor's need for a fresh start, have adopted a *per se* rule consistently allowing the debtor to reopen a closed case, *Hawkins v. Landmark Finance Co.*, 727 F.2d 324 (4th Cir.1984) (citing *In re Montney*, 17 B.R. 353 (Bankr.E.D.Mich.1982)), while other courts, relying on the creditors' interest in the finality of bankruptcy proceedings, have determined that the debtor should never be allowed to reopen a closed case. *Id.* (citing *In re Porter*, 11 B.R. 578 (Bankr.W.D.Okl. 1981)).

Relying on the equitable nature of the bankruptcy court, however, other courts allow reopening depending on the facts of each case, therefore giving the bankruptcy judge wide discretion in determining whether a case should be reopened. *Id.* (citing *Towns v. Postal Finance So.*, 16 B.R. 949 (Bankr. N.D.Iowa 1982)). The *Hawkins* Court adopted this intermediate, discretionary approach, reasoning that "the statute is phrased in permissive language, and we think that it would do violence to the statute either to say that a closed case must be reopened or that a closed case may never be reopened." This Court now adopts the reasoning of the Fourth Circuit and concludes that requests to reopen a closed case shall be decided based on the particular facts of each case, within the discretion of the bankruptcy judge.

Considering the facts of this case, the Court determines that this case should not be reopened. Of primary consideration is the fact that this case has been closed for more than ten (10) years. It is well settled that the greater the elapse of time between the closing of the bankruptcy case and the request to reopen, the more compelling the reason for reopening the case should be. *Citizens Bank & Trust Co. v. Case (In re Case)*, 937 F.2d 1014, 1018 (5th Cir.1991) (citing *Reid v. Richardson*, 304 F.2d 351, 355 (4th Cir.1962)). The debtor has failed to demonstrate a compelling reason sufficient to persuade the Court to reopen this case after the lapse of a ten (10) year period.

Of further consideration to the Court's decision to deny the debtor's motion to reopen is the fact that the parties' dispute is based

on issues of state law regarding the debtor's alleged breach of plan payments. Although the chapter 11 amended plan of reorganization contains no provision regarding what occurs upon the debtor's default in plan payments, § 1141(a) of the Bankruptcy Code sets out the effect of confirmation of a debtor's plan of reorganization: "the provisions of a confirmed plan bind the debtor ... and any creditor...."

 It is well settled that, while confirmation of a plan of reorganization discharges the debtor from pre-confirmation debts, the confirmation substitutes the obligations of the plan for the pre-confirmation debts. *In re Page*, 118 B.R. 456, 460 (Bankr.N.D.Tex. 1990). The chapter 11 plan becomes a binding contract between the debtor and its creditors, and governs their rights and obligations. *Id.* (citing *In re Kentucky Lumber Co.*, 860 F.2d 674, 679 (6th Cir.1988)). Although creditors may not attempt to collect pre-confirmation obligations, creditors may engage in lawful collection activities to enforce plan obligations. *Id.* (citing Lander and Warfield, *A Review and Analysis of Selected Post-confirmation Activities in Chapter 11 Reorganizations*, 62 AM.BANKR. L.J. 203, 217 (1988)). In this case, the debtor's plan obligation to the Class 6 creditors is thirty percent (30%) of the prepetition debts.

The Tenth Circuit has expressly held that a state law breach of contract action may be brought for a breach of chapter 11 plan obligations. *Paul v. Monts*, 906 F.2d 1468 (10th Cir.1990). In *Paul v. Monts*, a chapter 11 debtor in possession asserted a cause of action to enforce a provision of the plan of reorganization under a contract theory. The Court considered whether the remedies provided in the Bankruptcy Code for enforcing a chapter 11 plan of reorganization are exclusive, and it determined that the mere availability of alternative Code remedies[1] does not render the Code remedies exclusive. *Id.* at 1475–1476, n. 10. That Court noted that "the underlying creditors' rights asserted in bankruptcy proceedings are creatures of state law," *Id.* at 1475 (citing *In re Elcona*

*Homes Corp.*, 863 F.2d 483, 486 (7th Cir. 1988)), and determined that a state law breach of contract action premised on the debtor's plan of reorganization was proper. *Id.* at 1476.

As in the *Paul v. Monts* case, the claims of William Sacharin and Goldie Sacharin are essentially breach of contract actions arising from the contractual and financial obligations as set forth in the debtor's chapter 11 plan, and the Court finds that the state court is the most efficient and appropriate forum to best serve the parties' interests in enforcement of their plan obligations. The debtor's principal argument is that this Court retained jurisdiction in Article VIII of the confirmed plan. Such retention language is boiler-plate in chapter 11 plans, language drafted by the debtor's counsel rather than by the Court, and it does not mandate that this Court exercise subject matter jurisdiction when concurrent jurisdiction exists in a state court. Moreover, the debtor concedes that the real issue is whether the debtor had the financial ability to fulfil its plan obligations to the Class 6 creditors, a fact issue that is clearly not exclusively within the bankruptcy court's jurisdiction. The Tennessee courts recognize the binding effect of chapter 11 confirmation orders and may determine the limitations of those orders as well. *See Mitchell v. Cole*, 966 S.W.2d 411 (Tenn.1998).

Considering the significant amount of time that has elapsed since confirmation of the plan of reorganization, and considering the contractual nature of the parties' dispute, and recognizing the concurrent jurisdiction of the Tennessee courts, this Court concludes that the debtor's motion to reopen the chapter 11 bankruptcy case to enjoin the pending state court collection actions is DENIED. Any state court litigation that may have been removed to this Court shall be remanded to the appropriate state court, and Mr. Horne shall prepare any necessary remand orders.

**SO ORDERED.**

---

1. Alternative Code remedies mentioned by that Court include filing a motion to compel implementation of a confirmed plan under § 1142(b), attempting to modify the plan under § 1127(b), or converting to chapter 7 pursuant to § 1112.