# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 15, 2009

Charles R. Fulbruge III
Clerk

No. 08-10817
Summary Calendar

RABO AGRIFINANCE, INC, an Iowa Corporation.

Plaintiff-Appellee

v.

VEIGEL FARM PARTNERS D/B/A VEIGEL PARTNERS, VEIGEL FARMS, INC., TERRA XXI, LTD., GRAIN CENTRAL STATION, INC., D/B/A VEIGEL GRAIN COMPANY, VEIGEL-KIRK, INC., BOB VEIGEL, INC., BOB VEIGEL, INDIVIDUALLY A/K/A ROBERT WAYNE VEIGEL, STEVE VEIGEL, INC., STEVE VEIGEL, INDIVIDUALLY, VICKI VEIGEL, INC., AND VEIGEL CATTLE CO.

Defendants-Appellants

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:05-CV-00243

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Between 1997 and 1998 Ag Services of America, Inc. ("ASA), Appellee's predecessor-in-interest, made a series of loans totalling $1.8 million to entities run by members of the Veigel family (which entities and individuals are

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Appellants in this case) ("the Veigels"). All of the Veigels named as defendants signed as makers or guarantors of these loans. The debt was secured by, *inter alia*, a second lien on certain property in Deaf Smith County, Texas: this "Second Lien Debt" is the loan at issue in this case.

In August 2000 two of the Veigel entities filed for Chapter 11 bankruptcy, and bankruptcy plans ("the Bankruptcy Plans") were confirmed in December 2001. The Bankruptcy Plans specifically preserved the Second Lien Debt, in the amount of $1,621,550.00. Further litigation produced a 2002 settlement ("the Settlement Agreement"), which was clarified in August 2003 and which reduced the Second Lien Debt to $1.5 million. But the Veigels failed to repay the Second Lien Debt, and Appellee foreclosed on the property in Deaf Smith County on September 2, 2003. The property was at that time still encumbered by a first lien for $3 million, and so the foreclosure on the property produced only $20,000 towards the Second Lien Debt.

The Veigels filed suit in state court challenging the foreclosure, but were denied relief. While that case was pending, Appellee filed suit in federal district court to recover the remaining balance due under the Second Lien Debt. The district court stayed the proceedings until the state court case was resolved; after the state court upheld the foreclosure, the district court granted summary judgment for Appellee and found the Veigels liable for the deficiency on the loan. The Veigels failed to file a timely appeal, and instead brought an F.R.C.P. 60(b)(4) motion arguing that the judgment was void because it allowed recovery based on "promissory notes" that were discharged in bankruptcy. The district court denied the motion on the grounds that the Second Lien Debt was specifically preserved in the Bankruptcy Plans and that *res judicata* barred the extinguishment defense because the state court had denied relief on this ground.

Our review of a 60(b)(4) motion is effectively *de novo. Jackson v. Fie Corp.*, 302 F.3d 515, 521-22 (5th Cir. 2002). On appeal, the Veigels argue, as they did

below, that the Second Lien Debt was extinguished by the Bankruptcy Plans/Settlement Agreement and that the $1.5 million owed under the Settlement Agreement is a *new* obligation, making any judgment upholding a foreclosure based on the Second Lien Debt void. We disagree.

Section 1141(d)(1)(A) of the Bankruptcy code, on which the Veigels rely, provides that "[e]xcept as otherwise provided in this subsection, in the plan, or in the order confirming the plan, the confirmation of a plan discharges the debtor from any debt that arose before the date of such confirmation." 11 U.S.C. § 1141(d)(1)(A). The Veigels strenuously insist that pre-confirmation debts are not enforceable under a Chapter 11 bankruptcy plan. *In re Page*, 118 B.R. 456, 460 (Bankr. N.D. Tex. 1990). This is clearly true as a general matter. But the statute explicitly allows for the preservation of obligations in such a plan, and those obligations are not replaced or discharged. 11 U.S.C. § 1141(d)(1)(A). As the district court correctly noted, the Bankruptcy Plans in this case specifically provided for the preservation of the Second Lien Debt. *See also Rabo Agrifinance v. Terra XXI, Ltd.*, 257 Fed. Appx. 732 (5th Cir. 2007) (rejecting a similar extinguishment argument by the Veigels in a related case between the same parties arising out of another set of debts covered by the same Bankruptcy Plans and Settlement Agreement). The Settlement Agreement reduced the amount of the Second Lien Debt to $1.5 million but specified that "[a]ll terms and covenants of [the Bankruptcy Plans and Agreed Orders] . . . are hereby confirmed in all respects, and shall remain in force and effect, save and except for" modifications including the reduction to $1.5 million. There is no support for the argument that these modifications constituted a *new* obligation as opposed to a clarified or modified existing obligation. The Veigels have cited no case law to support this interpretation and no language in the documents that supports it either. Because the Bankruptcy Plans and the Settlement Agreement clearly

preserve the Second Lien Debt, we need not reach the *res judicata* claim.  The judgment of the district court is AFFIRMED.